■ JOHN N. TSIMIS et al., Appellants-Respondents, v RUDNICK, BRETT, WYCKOFF, INC., et al., Defendants, and 79TH STREET EAST OWNERS INCORPORATED et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered July 20, 1977, denying plaintiffs' motion for a preliminary injunction and the motions of both sides for summary judgment, is unanimously modified, on the law, to the extent of granting judgment in favor of plaintiffs declaring that plaintiffs have the absolute right to sublet Apartment 12A in the co-operative apartment house at 505 East 79th Street, New York, New York, subject to good faith approval by defendant 79th Street East Owners Incorporated (Co-op) of the proposed subtenant's financial, social and personal qualifications, and otherwise affirmed, without costs and without disbursements. Plaintiffs were tenants of Apartment 12B at the time that the building changed from a straight rental to a co-operative form of ownership. Approached by the agents for the sponsors of the co-operative

plan to purchase their apartment, plaintiffs indicated unwillingness to do so because the apartment was too small for their needs. Thereupon, the agents suggested that plaintiffs purchase the adjacent Apartment 12A. However, plaintiffs had no use for all of Apartment 12A and accordingly, the suggestion evolved that plaintiffs purchase both apartments and enlarge Apartment 12B to include a portion of the former 12A and plaintiffs would sublet the now reduced Apartment 12A to the then tenants of 12A. This was done. The mechanics of it were that the then tenant of Apartment 12A assigned the lease of that apartment to plaintiffs and the landlord extended that lease so that its termination date would coincide with the termination date of plaintiffs' lease of Apartment 12B. The extension agreement contained a provision that the tenants (plaintiffs) would have the privilege of subletting the premises, provided the subtenant and his references were approved by the landlord. On the co-operative plan becoming effective in 1971, however, the proprietary lease of Apartment 12A contained a clause that the lessee should not sublet the apartment without the written approval of the proposed subtenant and a written consent to the subleasing by the board of directors of the co-operative corporation or lessees owning at least a majority of the shares of the co-operative corporation. Subtenancies of 12A continued to be approved for about six years with different subtenants. However, following a change of the managing agent, the co-operative corporation indicated that it had a policy against subtenancy, taking the position that the right of sublet, except under unusual and extreme circumstances, was inconsistent with the primary purpose of the formation of the co-operative corporation that the building be occupied to the maximum possible by tenant-owners and not sublessees. Finally, in January, 1977, the co-operative corporation refused any further extension of the subletting. We think that in the circumstances of this case, plaintiffs have a right of sublet of Apartment 12A subject only to approval of the personal and financial qualifications of the proposed sublessee, and that defendants are estopped to refuse subletting to an otherwise congenial qualified sublessee. The sponsors suggested to the tenants that they purchase both apartments. It was apparent from the time that plaintiffs purchased the two apartments that they were not going to occupy both apartments and that they would have to sublet Apartment 12A. It was surely not understood that implicit in plaintiffs' purchase of Apartment 12A was the obligation to sell it in a short time, yet that is what would follow if plaintiffs did not have the right to sublet Apartment 12A. In the very similar case of *Crossman v Pease & Elliman* (29 AD2d 4, affd 26 NY2d 855) (in which, however, the consent to sublease was contained in the purchase agreement), this court said (p 7): "the approval called for in the proprietary lease is personal approval of the contemplated sublessee * * * The only objection to the sublease is on a matter of policy, not to allow a sublease to anyone of a two-room apartment. Such a reservation as to policy is neither provided for in the lease, nor is it one of the general conditions which provide a basis for approval of restrictions on the right to sublease". Concur—Silverman, J. P., Evans, Lane and Markewich, JJ.