■ SEABROOK REALTY CORP., Respondent, v 139 W. MUTUAL ASSOCIATES, LTD., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered March 23, 1977, denying defendants' motion for

renewal and adhering to the previous order granting summary judgment to the plaintiff, unanimously reversed, on the law, renewal granted, and, upon renewal, the motion for summary judgment is denied, without costs or disbursements. One hundred thirty-nine West 82d Street Realty Corp. (Realty) purchased a parcel of land and executed a mortgage in favor of Ezras Israel, Inc. The mortgage which was executed contained a clause indicating that it was subject to an agreement entered into between the parties and dated April 7, 1972. Ezras Israel, Inc., assigned a junior participation in the mortgage to another religious organization which, in turn, assigned that interest to Seabrook Realty Corp. (Seabrook). In the interim, Realty conveyed the property to another corporation, 139 W. Mutual Associates, Ltd. (Mutual). Mortgage payments were not made when due, and Seabrook instituted this action against Realty, Mutual, and Ezras Israel, Inc., *inter alia,* to foreclose on that mortgage. When defendants failed to serve an answer, Seabrook moved for summary judgment. In opposition to that motion, defendants submitted an attorney's affidavit, which attorney did not have personal knowledge of the facts. Special Term granted summary judgment to Seabrook. The defendants' motion for reargument included an affidavit of Lajos Laufer, an officer of both Realty and Mutual, which raised issues of fact concerning the validity of the mortgage assignment and the possible suspension of the obligation to make mortgage payments for failure to comply with the terms of the April, 1972 agreement, which was incorporated by reference in the mortgage. The presentation of an additional factual affidavit on the reargument motion sufficed to make it a motion for renewal *(Turkel v I. M. I. Warp Knits,* 50 AD2d 543). An appeal will lie from the denial of a motion to renew *(Soffair v Koffler,* 29 AD2d 659, 660; cf. *Matter of Biscaglio v Roshan Taxi,* 43 AD2d 919, 920). In view of the issues of fact raised on the motion to renew, Special Term should have granted renewal and denied summary judgment to Seabrook *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Concur—Kupferman, J. P., Birns, Silverman and Lane, JJ.