■ MARION FIORENTINO, as Administratrix of the Estate of CARMELLA AMATO, Deceased, Respondent, v COBBLE HILL NURSING HOME, Appellant. — In a negligence action to recover damages sustained when plaintiff's decedent Carmella Amato allegedly fell while a patient at defendant nursing home, defendant appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated June 20, 1983, as granted that part of a motion which was to amend the complaint so as to add a cause of action for the wrongful death of Carmella Amato. ¶ Order reversed, insofar as appealed from, without costs or disbursements, and motion denied insofar as it seeks to amend the complaint to add a cause of action for wrongful death, without prejudice to renewal upon proper papers which shall include competent medical proof of the causal connection between the alleged negligence and the death of Carmella Amato. ¶ The motion to amend so as to add the wrongful death cause of action was based upon an attorney's affidavit stating that Mrs. Amato "died as a result of the complications of those injuries sustained by her in the incident of November 27, 1982". The record does not show that plaintiff's attorney is a physician or is competent to aver to the causal connection between Mrs. Amato's fall and her death. Further the averment is conclusory. Absent competent medical proof of the causal connection it was an improvident exercise of discretion to grant that part of the motion which was to amend the complaint to add a wrongful death cause of action (*Robbins v Healy,* 35 AD2d 850; *Wood v Southside Hosp.,* 45 AD2d 1052.) Mangano, J. P., Thompson, O'Connor and Boyers, JJ., concur.