■ GOLDIE SHAPIRO, Appellant-Respondent, v DANIEL BEER et al., Respondents-Appellants. (Action No. 1.) GOLDIE SHAPIRO, Appellant-Respondent, v DANIEL BEER et al., Respondents-Appellants. (Action No. 2.)—In a medical malpractice action to recover damages for personal injuries, etc., (1) the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Durante, J.), dated January 14, 1985, as failed to grant that branch of her motion which sought leave to amend her complaint in action No. 1 to assert a cause of action for wrongful death; and (2) the defendants cross-appeal from so much of the same order as granted the plaintiff's application to substitute Francine Price Alper, as executrix of the estate of Abe Alper, for Abe Alper, as a defendant in action No. 2.

Cross appeal dismissed, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.02 [d], [f]).

Order affirmed insofar as appealed from.

The respondents-appellants are awarded one bill of costs.

While we do not agree with Special Term's conclusion that an amendment of the complaint in the malpractice action to assert a claim for wrongful death would circumvent the two-year Statute of Limitations *(see,* CPLR 203 [e]; EPTL 5-4.1; *Caffaro v Trayna,* 35 NY2d 245), we nonetheless affirm. A motion seeking leave to amend a personal injury complaint to assert a cause of action for wrongful death must be supported by competent medical proof of the causal connection between the alleged negligence and the death of the original plaintiff *(see, Mahoney v Sharma,* 110 AD2d 627; *Fiorentino v Cobble Hill Nursing Home,* 101 AD2d 825; *Ortiz v Bono,* 101 AD2d 812). The affirmation of Dr. Lous Vorhaus, which simply notes that the decedent was diagnosed as having cancer of the colon and states that this illness was one of the causes of death, is clearly insufficient. Moreover, we note that it was nearly seven years after the decedent's death before the plaintiff sought leave to amend the complaint. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.