*1014 OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion by plaintiffs which seeks an order amending the caption of the above-entitled action so as to substitute the executrix thereof, inter alia, is disposed of as follows.
Those branches of plaintiffs’ motion which seek leave to amend the caption of the above-entitled action in the form annexed to the moving papers and permitting plaintiffs an extension of time within which to file and serve a notice of medical or dental malpractice action pursuant to CPLR 3406 are granted on consent.
Accordingly, the caption of the within action is amended to read as follows:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU_
BERNICE TALMATCH as EXECUTRIX of the
Estate of Herbert talmatch, Deceased,
Plaintiff,
-against-
CHARLES M. SAMET and LAWRENCE ALBERT
JANOFF,
_Defendants._
Within 30 days after the date of the order signed simultaneously, plaintiffs may file and serve a notice of medical or dental malpractice action pursuant to CPLR 3406.
As to that branch of plaintiffs’ motion which seeks leave to assert a cause of action for wrongful death in the form of the proposed complaint annexed to the moving papers, is denied without prejudice to further application for this relief upon proper papers including an affidavit of merits made by a physician.
Initially, plaintiff’s decedent, Herbert Talmatch, brought an action against defendants for their alleged failure to diagnose and treat metastasizing lung carcinoma. Subsequently, on October 13, 1985, plaintiff’s decedent, Herbert Talmatch, died and according to the death certificate the immediate cause of death was shown as "metastic carcinoma” due to or as a consequence of "lung carcinoma”. Relying on the death certificate which appears to demonstrate that plaintiff’s cause of death is linked to a metastasizing lung cancer, the movant submits no affidavit of merits from a physician and refers the court to Rosenberg v New York Univ. Hosp. (128 Misc 2d 90, *1015 93), wherein Special Term held that an amendment for a claim sounding in wrongful death would be granted "where the death certificate [clearly established both] the logically compelling link between the death and the original injury”. The undersigned respectfully believes more is required.
It is well established that leave to amend or supplement a pleading lies within the sound discretion of the trial court. (Harrigan v St. Hilaire, 75 AD2d 698.) Furthermore, leave to amend shall be freely given absent prejudice or surprise of the opposing party. (Leutloff v Leutloff, 47 Misc 2d 458.) Upon a motion to amend a complaint to include a cause of action for wrongful death, additional rules apply, in that courts have required the moving party to submit competent medical proof, a causal connection between the alleged malpractice and the death of the original plaintiff. (Wood v Southside Hosp., 45 AD2d 1052; Robbins v Healy, 35 AD2d 850; Fiorentino v Cobble Hill Nursing Home, 101 AD2d 825.)
The question presented here is whether a document such as a death certificate dispenses with the need of a merits affidavit of a physician where a party seeks to amend a complaint to assert a claim for wrongful death. This court believes the answer is no, and that said determination is not a case of favoring form over substance. The required affidavit of merits must be made by a physician and must establish a causal connection between the alleged malpractice and the new cause of action to be pleaded. That information is not contained in the certificate of death.
Accordingly, that branch of plaintiff’s motion which seeks leave to assert a cause of action for wrongful death is denied without prejudice.