■ JOSEPH LIEBMAN, Respondent, v STANLEY NEWHOUSE, Appellant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant physician appeals from an order of the Supreme Court, Kings County (Golden, J.), dated September 13, 1985, which granted the plaintiff's motion to amend the complaint by adding a cause of action to recover damages for wrongful death.

Order reversed, on the law, with costs, and the plaintiff's motion denied, without prejudice to renewal on proper papers, which shall include competent medical proof of a causal connection between the alleged malpractice and the death of the plaintiff's decedent.

The physician's affidavit submitted by the plaintiff provided, in relevant part, as follows: "It is my opinion, with a reasonable degree of medical certainty, that the tumor at T3 was a substantial factor causing Mrs. Liebman's death on July 22, 1984".

The affidavit is silent as to any malpractice by the defendant, much less a causal connection between same and the plaintiff's decedent's death (see, Amsler v Verrilli, 119 AD2d 786). Therefore, the granting of leave to amend the complaint predicated upon this affidavit was improper (see, Ortiz v Bono, 101 AD2d 812; Wood v Southside Hosp., 45 AD2d 1052; Robbins v Healy, 35 AD2d 850). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.