■ JEFFREY McGUIRE, as Administrator of the Estate of BARBARA McGUIRE, Deceased, Respondent, v ROBERT SMALL, Defendant, and DOCTORS HOSPITAL et al., Appellants.—Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on June 27, 1986, which, *inter alia,* granted plaintiff's motion to amend his complaint to plead a cause of action for wrongful death, unanimously modified on the law and the facts, and the motion denied as to all defendants except Robert Small, who did not join in the appeal, without costs and without prejudice to renewal on proper papers, within 60 days of the date of this court's order.

Plaintiff's motion sought to amend the medical malpractice complaint to add an additional cause of action for wrongful death. No affidavit or affirmation from a physician was submitted by the plaintiff. An affirmation by plaintiff's counsel stated that "Plaintiff's decedent * * * died having succumbed to cardiopulmonary arrest, secondary to metastasizing ovarian carcinoma." The affidavit further stated that amendment of the complaint was warranted since decedent's "death was occasioned by secondary ovarian carcinoma and pleural effusion, which is the same underlying disease for which this plaintiff's decedent originally sought damages". Excerpts from *uncertified* Beth Israel Hospital records indicate the cause of death as "cardiopulmonary arrest. NO AID." The death certificate lists the death as being from natural causes.

A motion seeking leave to amend a personal injury complaint to assert a cause of action for wrongful death must be supported by competent medical proof of the causal connection between the alleged malpractice and the death of the original plaintiff. (*McCarthy v Downes,* 17 AD2d 919 [1st Dept 1962]; *Shapiro v Beer,* 121 AD2d 528 [2d Dept 1986]; *Mahoney v Sharma,* 110 AD2d 627 [2d Dept 1985]; *Ortiz v Bono,* 101 AD2d 812 [2d Dept 1984]; *Smith v Hellman,* 57 AD2d 566 [2d Dept 1977]; *Wood v Southside Hosp.,* 45 AD2d 1052 [2d Dept 1974].) Plaintiff has failed to present expert medical opinion that the alleged failure to diagnose splenic carcinoma was causally connected to the plaintiff's death from cardiopulmonary arrest. Concur—Sandler, J. P., Ross, Rosenberg, Ellerin and Smith, JJ.