■ JEROME B. TRACHMAN, Individually and as Executor of EILEEN C. TRACHMAN, Deceased, Respondent, v NASSAU QUEENS MEDICAL GROUP et al., Appellants, et al., Defendants. —In an action to recover damages for medical malpractice, the defendants Nassau Queens Medical Group, Jacob Cohen, Surendranath D. Reddy and Dilip R. Shah appeal from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated January 20, 1988, as, upon reargument, adhered to that part of a prior order dated October 14, 1987, which denied the appellants' cross motion to dismiss the plaintiff's cause of action to recover damages for wrongful death.

Ordered that the order dated January 20, 1988, is reversed insofar as appealed from, on the law, with costs, that part of the order dated October 14, 1987, which denied the appellants' cross motion to dismiss the plaintiff's cause of action to recover damages for wrongful death is vacated, and the cross motion is granted.

The plaintiff's decedent commenced this action in June 1985 with the service of a summons upon the appellant Nassau Queens Medical Group. She thereafter served a verified complaint, and, eventually, an amended verified complaint. The plaintiff's decedent died in October 1985 but it was not until March 1987 that the plaintiff moved to substitute himself as the plaintiff in his capacity as executor of the decedent's estate. The plaintiff did not seek leave to amend the complaint

to include a cause of action to recover damages for wrongful death. By order dated April 21, 1987, the Supreme Court granted the plaintiff's motion to be substituted as the plaintiff and the caption was amended accordingly.

In July 1987 the plaintiff served a second amended verified complaint. The first cause of action seeks to recover damages for wrongful death. Shortly thereafter, the appellants served a single answer to that pleading, but they did not then address the plaintiff's failure to seek leave to interpose a cause of action to recover damages for wrongful death.

On July 21, 1987, the plaintiff moved to strike the appellants' answer for failure to comply with discovery notices. In August 1987 the appellants addressed the plaintiff's motion and also cross-moved for dismissal of the cause of action to recover damages for wrongful death on the ground that the plaintiff failed to move for leave to interpose it. The plaintiff did not oppose the cross motion, but the Supreme Court nonetheless denied it, reasoning that, by interposing an answer to the plaintiff's second amended verified complaint without objecting to the "technical manner" in which the plaintiff's pleading was amended, the appellants "have chosen to chart their own procedural course". The Supreme Court characterized the objection interposed by the cross motion as made at a "late date", apparently because the second amended verified complaint is, inexplicably, dated February 11, 1986, some four months after the decedent's death but 14 months before issuance of the order of substitution and 17 months before the pleading was served.

The appellants sought leave to renew and reargue almost immediately after the denial of their unopposed cross motion, asserting that service of the answer to the plaintiff's second amended complaint without interposing pertinent objections was inadvertent. The appellants' counsel also asserted that, upon discovering the omission shortly after it was made, he telephoned the plaintiff's counsel, who advised that the plaintiff would not oppose a motion to strike the wrongful death cause of action, an assertion which is borne out by the plaintiff's lack of opposition to the earlier cross motion. The plaintiff did respond on the motion for leave to renew and reargue, however, but only to assert that the order was valid for the reasons originally stated by the Supreme Court. We disagree.

It is well settled that after an action has been commenced and the time to amend a pleading as of right has passed (see, CPLR 3025 [a]), a party who seeks to interpose in the action a

cause of action to recover damages for wrongful death must obtain leave of court (cf., CPLR 3025 [b]). As a general rule, the leave must be premised on a medical affidavit demonstrating a causal connection between the underlying tort and the death of the original plaintiff (see, McGuire v Small, 129 AD2d 429; Shapiro v Beer, 121 AD2d 528). And while parties are, within the bounds of public policy, free to chart their own procedural course (see, Cullen v Naples, 31 NY2d 818, 820), there is no indication, from their conduct or otherwise (cf., Mineroff v Macy's & Co., 97 AD2d 535, 536), that the parties here intended that the cause of action to recover damages for wrongful death could be interposed without some showing of its merit. Indeed, while we do not determine whether the plaintiff's default on the cross motion to dismiss deprives him of standing to oppose the motion to reargue, that default nonetheless suggests that the intent of the parties was to chart a procedural course in a direction opposite of that imposed by the court. Moreover, given the promptness with which the appellants made their cross motion, we discern no circumstance upon which to premise a finding of waiver by the appellants of the right to object to an amendment based only on the unilateral act of their adversary (cf., County of Nassau v Cedric Constr. Corp., 100 AD2d 890, 891). Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.