■ J. CLEMENT SWEENEY, JR., Individually and as Administrator of the Estate of JOHN SWEENEY, JR., Deceased, Respondent, v HENRY F. GARDSTEIN, JR., M.D., P. C., et al., Appellants.—In an action, *inter alia,* to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated March 6, 1989, as granted the plaintiff's motion to add a cause of action sounding in wrongful death to the complaint.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the motion is denied, with leave to renew should the plaintiff be so advised, in accordance herewith.

While we agree that leave to amend a pleading should be freely granted in accordance with CPLR 3025 (b) *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957), here we are not presented with a sworn statement of a medical expert establishing that the plaintiff's decedent died as a result of medical malpractice. Such a statement is required to support the subject motion *(see, McGuire v Small,* 129 AD2d 429; *Liebman v Newhouse,* 122 AD2d 252; *Shapiro v Beer,* 121 AD2d 528). A sworn statement by counsel is insufficient for that purpose since an attorney is not qualified as a medical expert and cannot attest that medical malpractice was the cause of death *(see, Fiorentino v Cobble Hill Nursing Home,* 101 AD2d 825). A sworn statement to this effect by a physician must include statements showing a departure from accepted medical practice, and that the departure was the cause of the death *(see, Amsler v Verrilli,* 119 AD2d 786). Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.