■ ADELLA KIRCHMEYER, Individually and as Administratrix of the Estate of BRIAN KIRCHMEYER, Deceased, Appellant, v S. SUBRAMANIAN et al., Respondents.—Order reversed on the law without costs and motion granted. Memorandum: We find that, under the circumstances of this case, the affidavit of decedent's physician, proffered in support of the motion, constituted the presentation of additional facts which sufficed to make plaintiff's motion a motion to renew *(see, Roberts v Narcissus Boutique,* 72 AD2d 808). Therefore, this appeal is properly before us since an appeal lies from the denial of a motion to renew *(see, Seabrook Realty Corp. v 139 W. Mut. Assocs.,* 60 AD2d 821).

Supreme Court's denial of plaintiff's renewal motion for leave to amend the complaint to assert a cause of action for wrongful death constituted an improvident exercise of its discretion. Contrary to defendants' argument, the physician's affidavit of merit submitted by plaintiff adequately demonstrated a causal connection between defendants' alleged malpractice and decedent's death *(see, Buono v Victory Mem. Hosp.,* 151 AD2d 633; *Ullrich v Rocking Horse Ranch,* 138 AD2d 372).

All concur, except Denman and Boomer, JJ., who dissent and vote to affirm, in the following memorandum.

Denman and Boomer, JJ. (dissenting). In this medical malpractice action, the trial court denied plaintiff's motion to amend her complaint to assert a cause of action for wrongful death because she failed to submit competent medical proof of the causal connection between the alleged negligence and decedent's suicide. The court did, however, grant plaintiff leave to renew her motion on submission of a medical affidavit

establishing that causal connection. Upon renewal, plaintiff submitted a medical affidavit which asserted that decedent was depressed and anxious as a result of his heart problems and physical disabilities and that his suicide was proximately caused by those conditions.

In our view, the court properly denied plaintiff's motion because there was no competent medical proof of any causal connection between defendants' alleged negligence and decedent's suicide (see, Mahoney v Sharma, 110 AD2d 627; Fiorentino v Cobble Hill Nursing Home, 101 AD2d 825). Indeed, the medical affidavit did not even refer to any acts of defendants as bearing on decedent's death. (Appeal from order of Supreme Court, Erie County, Gossel, J.—amend pleadings.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.