405

■ DEBORAH ANTAR, Appellant, v EDDIE ANTAR, Respondent. —In an action, *inter alia,* for rescission of a separation agreement and vacatur of a judgment of divorce, entered February 5, 1985, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 2, 1989, which denied her motion to enjoin the defendant from "transferring, conveying, assigning, encumbering or removing * * * any of his assets except * * * in the ordinary course of business".

Ordered that the order is affirmed, with costs.

Upon review of this record, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's application for injunctive relief. The plaintiff failed to meet her burden of showing the necessity of the relief she requested *(see,* CPLR 6312; *Allmacher v Digiacomo,* 153 AD2d 651; *Kurzban & Son v Board of Educ.,* 129 AD2d 756). We note that the plaintiff is not entitled to the benefits of the more liberal rules of Domestic Relations Law § 234 concerning preliminary injunctions, since the instant action is not of the type specified in the statute *(see, Drazal v Drazal,* 122 AD2d 829; *Leibowits v Leibowits,* 93 AD2d 535; *accord, Posman v Posman,* 108 AD2d 847). Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.

■ DENNIS ARTESE et al., as Coexecutors of MARIE ARTESE, Deceased, et al., Respondents, v BROOKLYN LONGSHOREMEN'S MEDICAL CENTER et al., Appellants, et al., Defendants.—In an action to recover damages for medical malpractice, etc., the defendants Brooklyn Longshoremen's Medical Center and Luciano F. Gentile appeal from an order of the Supreme Court, Kings County (Pizzuto, J.), dated November 16, 1988, which granted the plaintiffs' motion to amend the complaint to add a cause of action to recover damages for wrongful death.

Ordered that the order is affirmed, with costs.

The physician's affirmations submitted in support of the plaintiffs' motion to amend the complaint to include a cause of action to recover damages for wrongful death were sufficient to establish a causal connection between the alleged malpractice and the decedent's death. Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs' motion *(see, Scotto v Scotto,* 140 AD2d 602; *Shapiro v Beer,* 121 AD2d 528; *Hollis v Trenkle,* 114 AD2d 885; *Conte v Brill,* 111 AD2d 210; *Mahoney v Sharma,* 110 AD2d 627). Thompson, J. P., Balletta, Miller and O'Brien, JJ., concur.

■ DANIEL AVILES, an Infant, by OLINDA AVILES, His Mother