■ STEPHEN J. WARNER, Respondent, v WEST 90TH OWNERS CORPORATION, Appellant.—Order, Supreme Court, New York County (Shirley Fingerhood, J.) entered on or about June 13, 1990, and order of the same court entered March 5, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant on the issue of liability, unanimously affirmed, with costs.

Plaintiff, the proprietary lessee and holder of unsold shares to two apartments purchased from the sponsor located a subtenant willing to lease one of the apartments at the market rate, but the Board of Directors approved the subtenant only on condition that the rent not exceed the maintenance plus a 20% surcharge, together with a $1,000 deposit. In this action for declaratory judgment and other relief the IAS court granted plaintiff's motion, finding plaintiff to be the holder of unsold shares which were purchased for investment purposes at the behest of the sponsor, and that neither the proprietary lease nor the offering plan permitted the Board to restrict the amount of rent which could be charged. Defendant thereafter moved for renewal and reargument and for permis-

sion to amend the answer to assert a counterclaim that plaintiff was not a holder of unsold shares for failure to register pursuant to General Business Law §§ 352-e (2-b) and 352-h, implemented by 13 NYCRR 18.3 (w) (9). The court denied the motion, finding no new relevant facts which had been discovered which could not have been ascertained at an earlier time and further finding that the aforementioned regulation was applied prospectively. We agree.

Because neither the proprietary lease nor offering plan limited the rental allowed to be charged to a subtenant by the holder of unsold shares, the court properly found defendant to be estopped from imposing on plaintiff the limitations set forth in its guidelines (see, Crossman v Pease & Elliman, 29 AD2d 4, affd 26 NY2d 855; Tsimis v Rudnick, Brett, Wyckoff, 59 AD2d 871, affd 45 NY2d 976). Further, the registration regulations do not apply to the plaintiff, who purchased his shares prior to the effective date of the regulations. Concur— Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.