■ BARRY LUDWIG, Individually and as Executor of HOLLY LUDWIG, Deceased, Appellant, v HORTON MEMORIAL HOSPITAL et al., Respondent.—Appeal (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Peter Patsalos, J.), entered October 11, 1991 in Orange County, which denied plaintiff's motion to amend the complaint.

While leave to amend pleadings should be freely granted (CPLR 3025 [b]), a court will not grant a motion to amend a complaint to allege a cause of action for wrongful death unless it is supported by competent medical proof showing a causal connection between the alleged negligence and the decedent's death (see, Kordonsky v Andrst, 172 AD2d 497; McGuire v Small, 129 AD2d 429). Such proof must include statements that, in treating the decedent, the defendant deviated from accepted medical practice and that such departure was the

proximate cause of death *(Sweeney v Henry F. Gardstein, Jr., M.D., P.C.,* 160 AD2d 1002).

Nowhere in his affidavit in this case did plaintiff's expert articulate how defendants deviated from accepted medical standards in failing to clip decedent's cerebral aneurysm or even that such a failure was in fact a deviation at all. Instead, he merely states in conclusory fashion that defendants were guilty of malpractice. Although plaintiff's expert states that decedent died after a flu-like illness, there is no evidence of the severity of that condition. Moreover, plaintiff's expert fails to establish the causal connection between the alleged failure to repair the aneurysm and decedent's death two years later following that illness, especially in light of the autopsy report which indicated that the cause of decedent's death was acute cardiac failure due to hypertensive cardiovascular disease. Absent the requisite proof, Supreme Court did not abuse its discretion in denying plaintiff's motion to amend the complaint *(see, Liebman v Newhouse,* 122 AD2d 252; *Shapiro v Beer,* 121 AD2d 528; *Ortiz v Bono,* 101 AD2d 812).

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.