■ In the Matter of JOHN BARANELLO, Respondent-Appellant, v MARK LEHRBERGER et al., Appellants-Respondents. (Matter No. 1.) JOHN BARANELLO, Respondent-Appellant, et al., Plaintiffs, v 700 SHORE ROAD WATERS EDGE, INC., et al., Appellants-Respondents. (Matter No. 2.) [623 NYS2d 287] —In a proceeding to annul the results of the election of the Board of Directors of 700 Shore Road Waters Edge, Inc., held on May 19, 1992 (Matter No. 1), and a related action for a permanent injunction (a) prohibiting the defendant 700 Shore Road Wa-

ters Edge, Inc., from collecting any transfer fee from the plaintiffs, and (b) prohibiting the defendants Natalie Goodman, Edward Werbel, Victor Petrocelli, Arthur Rubenstein, Mark Lehrberger, Steven Stein, and Eric Scher, as members of the Board of Directors of 700 Shore Road Waters Edge, Inc., from requiring the payment of a transfer fee as a condition to the plaintiffs' transfer of the unsold shares and proprietary leases owned by them, in which the defendants have counterclaimed for money damages (Matter No. 2), (1) the defendants in Matter No. 2 appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), entered August 5, 1992, which (a) granted the plaintiffs' motion for summary judgment (i) dismissing their counterclaim and (ii) granting the relief requested in the complaint, and (b) denied their cross motion for summary judgment in their favor on their counterclaim and against the plaintiffs dismissing the complaint, and (2) the petitioner in Matter No. 1 appeals (a) from an order of the same court entered March 11, 1993, which denied his motion, *inter alia,* to enjoin the respondents therein from exercising the powers of the Board of Directors, and which, upon the cross motion made by the respondents therein, dismissed the petition and, *inter alia,* directed the consolidation of Matter No. 1 with Matter No. 2, directed him to sell all of his shares forthwith, and enjoined him from voting in future shareholder elections, and (b) so much of an order of the same court, entered October 13, 1993, as (i) upon in effect, granting reargument, adhered to the determination in the order entered March 11, 1993, in its entirety, and (ii) granted the respondents' cross motion to the extent of appointing a receiver.

Ordered that the order entered August 5, 1992, is affirmed; and it is further,

Ordered that the appeal from the order entered March 11, 1993, is dismissed, as that order was superseded by the order entered October 13, 1993, made upon reargument; and it is further,

Ordered that the order entered October 13, 1993, is modified, on the law, (1) by deleting therefrom the provision which adhered to the determination in the order entered March 11, 1993, in its entirety, and by substituting therefor provisions (a) vacating so much of the order entered March 11, 1993, as, upon granting the respondents' cross motion, dismissed the petition, directed consolidation of Matter No. 2 with Matter

No. 1, directed the petitioner to sell his shares forthwith, and further enjoined the petitioner from participating in any future elections, (b) denying the respondents' cross motion in its entirety, and (c) reinstating the petition, and (2) deleting the provision thereof which directed the appointment of a receiver, and substituting therefor a provision denying the branch of the respondents' motion which was to appoint a receiver; as so modified, the order entered October 13, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that Matter No. 1 is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that the petitioner in Matter No. 1 is awarded one bill of costs.

The plaintiffs in Matter No. 2 have demonstrated their entitlement to injunctive relief prohibiting the imposition of a transfer tax upon them. The regulations promulgated by the Attorney-General in 13 NYCRR part 18 are not applicable to the offering plan under review in this case because the plan was submitted and accepted for filing prior to the effective date of the regulations *(see,* 13 NYCRR 18.1 [n]; *see also, Warner v West 90th Owners Corp.,* 170 AD2d 315). Nor did John Baranello, Virginia Baranello, and Aaron Pollack, the plaintiffs in Matter No. 2, or John Baranello, the petitioner in Matter No. 1, as holders of unsold shares, violate the provisions contained in paragraph O of the offering plan. That provision directed the *sponsor,* not the holders of unsold shares, to assign all of its unsold shares to financially responsible individuals within three years of the closing. Therefore, contrary to the defendants' contention, the plaintiffs were entitled to the benefits associated with holders of unsold shares. Further, because there is no indication in the record that John Baranello, Virginia Baranello, or Aaron Pollack sold their shares to a purchaser for bona fide occupancy or that they or their family members occupied the subject apartments, the Supreme Court properly determined that they were exempt from the transfer fee *(see, Riggin v Balfour Owners Corp.,* 137 AD2d 799).

With respect to Matter No. 1, we conclude that, because there is no other language in the offering plan or related documents which set a timetable by which the holders of unsold shares had to sell their shares, there is no basis to support the Supreme Court's direction to the petitioner to sell his shares. Therefore, the Supreme Court erred in Matter No. 1 when it directed the petitioner to sell his shares on the

theory that he was in violation of paragraph O of the offering plan. As a result, the order directing the appointment of a receiver to sell those shares was also erroneous. Further, there is nothing in the language of paragraph J of the offering plan which precludes the petitioner from voting his shares in a shareholder election. Therefore, the Supreme Court improperly enjoined the petitioner from voting in further shareholder elections. As a result, the Supreme Court improperly dismissed the petition to set aside the election. For these reasons, the petition in Matter No. 1 is reinstated.

We also conclude that the petitioner in Matter No. 1 failed to demonstrate his entitlement to summary judgment granting the injunctive relief requested. Issues of fact remain which require a trial of Matter No. 1.

Finally, the relief of consolidation is unwarranted in light of our affirmance of summary judgment in favor of the plaintiffs in Matter No. 2. Matter No. 2 has in effect been terminated. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.