■ Patricia Padula, as Executrix of Ann Melenwick, Deceased, Appellant, v Yvette I. Bucalo, as Executrix of Anthony R. Bucalo, Deceased, et al., Respondents. (And a Related Action.) [625 NYS2d 928] —In two related actions to recover damages for medical malpractice (Action No. 1) and wrongful death (Action No. 2) the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 6, 1993, which denied her motion to (1) vacate a prior order, entered on default, dismissing Action No. 2, (2) amend the complaint in Action No. 1 to add a cause of action for wrongful death, and (3) consolidate action No. 1 and Action No. 2.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

We agree with the Supreme Court that the plaintiff failed to demonstrate the merit of her proposed cause of action for wrongful death. The papers submitted in support of her motion did not establish any causal nexus between the decedent's demise, on the one hand, and the defendants' alleged malpractice, on the other. Under the particular circumstances of this case, the Supreme Court did not err or improvidently

exercise its discretion in refusing to vacate its prior order dismissing Action No. 2 (see, CPLR 5015 [a]), or in denying leave to amend the complaint in Action No. 1 to add a cause of action for wrongful death (see, CPLR 3025; see also, Gendjoian v Heaps, 186 AD2d 534; Saeed v Boulevard Hosp., 157 AD2d 654; Shapiro v Beer, 121 AD2d 528; Mahoney v Sharma, 110 AD2d 627; Fiorentino v Cobble Hill Nursing Home, 101 AD2d 825). In light of our affirmance of the Supreme Court's order insofar as it denied the plaintiff's motion to vacate the order dismissing Action No. 2, the court properly denied the branch of her motion which was to consolidate the two actions since only one action remains pending (see, e.g., Matter of Baranello v Lehrberger, 212 AD2d 781). Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.