■ JUDY FEINBERG, as Administrator of the Estate of HAROLD FEINBERG, Deceased, Appellant, v WALTER B. COOKE, INC., Respondent. [658 NYS2d 698] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated November 4, 1996, as, upon reargument, adhered to so much of a prior order of the same court, dated February 29, 1996, as denied that branch of her motion which was to add a cause of action to recover damages for wrongful death.

Ordered that the order is affirmed insofar as appealed from, with costs.

On the afternoon of January 17, 1994, 78-year-old Harold Feinberg slipped and fell on ice in the parking lot belonging to the defendant Walter B. Cooke, Inc., after attending a funeral service. More than an hour later, he fell again in front of his own home. After the second fall, Mr. Feinberg, who for more than a decade suffered from cervical stenosis, was essentially paralyzed from the neck down. Following surgery he recovered some mobility. Fourteen months later, on March 11, 1995, Mr. Feinberg suffered a stroke. During his ensuing hospitalization, he developed pneumonia, sepsis, congestive heart failure, and cardiopulmonary arrest, of which he died on March 15, 1995.

The plaintiff, Judy Feinberg, as administratrix of the estate of the deceased Harold Feinberg thereafter moved, inter alia, to amend the pending personal injury complaint to add a cause of action to recover damages for wrongful death. On February 29, 1996, the court denied her motion without prejudice to

renew upon the submission of proper papers, noting that she failed to support her application with a competent affidavit from a physician establishing any connection between Mr. Feinberg's fall on the defendant's property and his death of cardiopulmonary arrest 14 months later.

On August 5, 1996, the plaintiff brought on a second motion for the same relief, and the court, treating it as one for leave to reargue and granting leave, denied the motion because, *inter alia,* the plaintiff still had not produced a physician's affidavit establishing any causal relationship between any act on the part of the defendant and the decedent's death. We affirm.

Where, as here, the plaintiff's conclusory medical affidavits fail to establish anything but a speculative connection between the defendant's alleged negligence and the decedent's death, leave to amend the complaint to assert a claim for wrongful death is properly denied *(see, e.g., Ludwig v Horton Mem. Hosp.,* 189 AD2d 986; *Fiorentino v Cobble Hill Nursing Home,* 101 AD2d 825; *Prenderville v City of New York,* 67 AD2d 725; *Scalzo v Brunori,* 17 AD2d 612). Here, although both physicians who reviewed the decedent's medical records conjectured that the decedent's prolonged immobilization due to his paralysis following his second fall resulted in his thrombosis 14 months later, they failed to suggest any causal relationship between the first fall and the second fall, and they further failed to explain how the decedent's thrombosis was more likely the result of the fall on the defendant's premises than the result of his pre-existing conditions of hypertension and diabetes. In any event, the decedent survived the stroke and ultimately succumbed to pneumonia, sepsis, and cardiopulmonary arrest. The plaintiff's physicians' affidavits do not address how these terminal events were caused or contributed to by the decedent's fall on the defendant's property more than a year earlier *(see, e.g., Smith v Hellman,* 57 AD2d 566; *see also, Trachman v Nassau Queens Med. Group,* 152 AD2d 562; *Liebman v Newhouse,* 122 AD2d 252; *Mahoney v Sharma,* 110 AD2d 627; *Goldfarb v 65 E. 11th St. Corp.,* 40 AD2d 657). O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.