■ PATRICIA YAVORSKI, Respondent, v JAY V. DEWELL et al., Appellants. [732 NYS2d 263] —Carpinello, J. Appeal from an order of the Supreme Court (Lamont, J.), entered February 16, 2001 in Schoharie County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

On the morning of December 29, 1995, plaintiff presented herself at the office of her physician, defendant Jay V. Dewell, because she was having difficulty breathing. While at his office she fell, fracturing her right femur. Suffice it to say, the circumstances surrounding plaintiff's fall are sharply contested. According to plaintiff, as she was attempting to leave the restroom to return to her designated examining room, she was having trouble getting up from a seated position. She allegedly then told defendant Donna McGovern, a registered nurse in Dewell's employ, that she did not think that she could "do this" (i.e., walk) because she felt ill and could not breathe but, notwithstanding, McGovern never *offered* to help her.[1] According to plaintiff, she then fell in the doorway of the restroom as she took her first steps. McGovern denies having had any such conversation with plaintiff or being informed that plaintiff was having trouble breathing or walking. Rather, according to McGovern, while plaintiff was inside the restroom with the door closed, McGovern knocked on the door and told plaintiff that Dewell was ready to see her. McGovern then proceeded to walk toward the examining room, turning around just in time to see the restroom door open and plaintiff fall in the doorway.

In April 1998, plaintiff commenced this action against Dewell and McGovern. From the very onset of the litigation, the precise nature of plaintiff's claim against defendants was a point of contention. In June 1998, defendants moved to dismiss the complaint because no certificate of merit was served, as

---

1. On this appeal, plaintiff's counsel repeatedly alleges in her brief that plaintiff informed McGovern that she could not walk without assistance and, despite repeated requests, McGovern "refused to assist [plaintiff]." These factual assertions are not supported by even *plaintiff's own version* of the facts as contained in the record, an inconsistency which Supreme Court brought to the attention of plaintiff's counsel. Notwithstanding this warning, these inaccurate factual assertions have been repeated on appeal. In its decision, Supreme Court noted that plaintiff's counsel took "great liberty in setting forth the facts" by making these very same assertions, which the court correctly characterized as having no basis in the record.

required in any action for medical malpractice (*see*, CPLR 3012-a). At this time, plaintiff's counsel claimed in an affidavit in opposition that a certificate of merit was unnecessary because plaintiff was not pursuing a medical malpractice claim against either defendant, but rather was pursuing a simple negligence cause of action. Based on the averments of plaintiff's counsel, defendants withdrew the motion. Following discovery and the filing of a note of issue, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff was unable to make out a case in ordinary negligence since the alleged deviations by McGovern involved the exercise of her professional skill and judgment as a nurse, and plaintiff clearly was not suing for malpractice. Supreme Court readily agreed that plaintiff could *not* establish a negligence case against defendants since her claim, if any, consisted of one for medical malpractice, but it nonetheless denied defendants' motion. Instead, the court *sua sponte* struck the note of issue, directed plaintiff to file a notice of medical malpractice claim (*see*, CPLR 3406 [a]) and ordered that the parties conclude any necessary discovery on this claim by a day certain. Defendants appeal.

While Supreme Court properly held that plaintiff could not establish a negligence cause of action as her claim sounds in medical malpractice (*see, e.g., Scott v Uljanov*, 74 NY2d 673; *Smee v Sisters of Charity Hosp.*, 210 AD2d 966; *Smith v Pasquarella*, 201 AD2d 782; *Seidensticker v Huntington Hosp.*, 194 AD2d 718; *Zellar v Tompkins Community Hosp.*, 124 AD2d 287), under the circumstances of this case, it erred in not dismissing the complaint. Where, as here, an action has been certified as ready for trial, judicial discretion in permitting the amendment of a pleading should be exercised only in the most " ' "discreet, circumspect, prudent and cautious" ' " circumstances (*Thompson v Connor*, 178 AD2d 752, 753, *lv denied* 80 NY2d 826, quoting *Smith v Sarkisian*, 63 AD2d 780, 781, *affd* 47 NY2d 878, quoting *Symphonic Elec. Corp. v Audio Devices*, 24 AD2d 746; *see, Schwab v Russell*, 231 AD2d 820, 821; *March v St. Volodymyr Ukranian Catholic Church*, 117 AD2d 864, 866; *Beuschel v Malm*, 114 AD2d 569). Here, the court *sua sponte* amended the complaint in the absence of a motion for leave to do so by plaintiff and, more importantly, in spite of plaintiff's unequivocal and continual representations throughout this litigation that she was not pursuing a medical malpractice claim against defendants (*see, Smith v Pasquarella, supra*). Not only does the April 1998 complaint allege only negligence, but on no less than 28 occasions in five other legal documents plaintiff's counsel assiduously stated that plaintiff's cause of action is based *solely* on negligence and not medical malpractice.

For example, in a June 4, 1998 letter to defense counsel addressing the latter's position that the complaint was defective for failing to serve a medical malpractice certificate of merit, plaintiff's counsel represented that "[t]he complaint is based solely on negligence not medical malpractice" thus negating the need for such a certificate. This position was steadfastly reasserted in the July 1998 affidavit in opposition to the defense motion to dismiss the complaint for failing to serve a certificate of merit wherein counsel repeatedly averred that plaintiff's "[c]omplaint was based solely upon negligence, not medical malpractice." Indeed, plaintiff's counsel points out that her client had twice previously offered to sign a *stipulation* to this effect.[2] In separate verified bills of particulars served in October 1998, plaintiff again stated that her "complaint is based solely on negligence and not medical malpractice" and that "[she] is currently not alleging a medical malpractice cause of action" and thus declined to provide any particulars of a malpractice claim. Most notably, in her January 2001 affidavit in opposition to the instant motion for summary judgment, plaintiff's counsel averred that "[p]laintiff can establish several questions of fact concerning whether the [d]efendants are liable to the [p]laintiff under a theory of negligence, not medical malpractice," and *criticized* defense counsel for attempting to convert her negligence action into one for medical malpractice. In this affidavit, plaintiff's counsel maintained that "[p]laintiff always intended to pursue this case on a theory of negligence *only*" (emphasis supplied), and that "[c]ontrary to the [d]efendants' assertions, the [p]laintiff's [c]omplaint sounds entirely in negligence," and she reiterated that "[p]laintiff has stated on numerous occasions, and within the instant motion, that the cause of action is based upon a theory of negligence only."

Thus, notwithstanding plaintiff's obvious intentional decision from the onset of this litigation to chart a specific course of conduct (*compare, id.*)—a position from which she never waivered even in the face of summary judgment almost three years later—Supreme Court nonetheless struck the note of issue and permitted her to continue against defendants on a dif-

---

2. Of note, defense counsel attempted to avoid the very scenario that is now before this Court by moving to dismiss on this ground. In a July 14, 1998 reply affidavit, defense counsel, although agreeing to withdraw the subject motion, nevertheless defended his decision to make it "so that this issue would get resolved up-front and at the beginning of the trial. In particular, [defense counsel] was concerned that at some point throughout either the discovery or the trial, the plaintiff would attempt to raise issues outside of ordinary and simple negligence which would more appropriately sound in medical malpractice."

ferent theory of liability, one which she had repeatedly, unequivocally and consistently repudiated (*see generally*, *Trachman v Nassau Queens Med. Group*, 152 AD2d 562, 564). Consequently, we cannot agree with Supreme Court's decision to *sua sponte* provide plaintiff with unrequested relief (*see*, *Evans v Kringstein*, 193 AD2d 714; *see generally*, *Bertan v Richmond Mem. Hosp. & Health Ctr.*, 106 AD2d 362), especially where "the intent of the parties was to chart a procedural course in a direction opposite of that imposed by the court" (*Trachman v Nassau Queens Med. Group*, *supra*, at 564). Thus, reversal of the order is warranted and the complaint should be dismissed.

Crew III, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.