OPINION OF THE COURT
Joan B. Carey, J.
Introduction
Motion by the named plaintiffs attorney for leave to amend the caption of this action to reflect substitution of two decedent *797 parties, and for leave to amend the complaint to assert a cause of action for wrongful death.
Facts and Procedural Posture
According to the allegations housed in the named plaintiffs proposed amended complaint, the named plaintiff, Carol Rubick, received oncological treatment at defendants Robert C. Atkins, M.D., P.C. (hereinafter the P.C.) and the Atkins Center for Complementary Medicine from September 1995 to October 2000 (plaintiffs moving papers, exhibit C, ¶¶ 21-25). The named plaintiff was allegedly treated by defendants Robert C. Atkins, M.D., Fred Pescatore, M.D., and Lawrence Kempf, M.D., at the EC. and the Center during the aforementioned period (id., exhibit C, ¶¶ 8-21).
The named plaintiff apparently commenced the instant action, sounding in medical malpractice and lack of informed consent, against the defendants on June 6, 2002 (plaintiffs affirmation in support ¶ 3). The crux of the named plaintiffs action was the defendants’ alleged negligence in treating the named plaintiff for breast cancer.
The named plaintiff subsequently passed away on January 18, 2003, at the Trinity Medical Center located in Carrollton, Texas, and Linda Lou Poag was appointed the executrix of the named plaintiffs estate (id. ¶ 4; exhibits A, B, C, ¶ 24). Dr. Atkins also passed away following the commencement of this action, and Veronica Atkins was appointed the executrix of his estate (plaintiffs affirmation in support 1Í 6; exhibit A).
The named plaintiffs attorney has made the instant motion seeking leave to amend the caption of this action to reflect the named plaintiffs death and the appointment of the executrix of her estate, Linda Lou Poag, and the death of Dr. Atkins and the appointment of the executrix of his estate, Veronica Atkins (notice of motion).* The named plaintiffs attorney also seeks leave to amend the complaint to assert a cause of action for wrongful death (id.).
In support of that branch of the motion which is for leave to amend the complaint to assert a cause of action for wrongful death, the named plaintiffs attorney has submitted a copy of the named plaintiffs death certificate (plaintiffs moving papers, *798 exhibit B). The death certificate was certified by a Texas physician named Naresh K. Gupta, who listed the immediate cause of the named plaintiff’s death as hypercalcemia (i.e., excessive amount of calcium in bloodstream) (id.). Dr. Gupta also listed “metastases to bones” and breast cancer as conditions which led to the hypercalcemia (id.). The basis of Dr. Gupta’s conclusions is not revealed.
In opposition to that branch of the motion which is for leave to amend the complaint to assert a cause of action for wrongful death, the defendants argue that denial is warranted given the movant’s failure to submit a physician’s affirmation causally relating the named plaintiffs death to the alleged malpractice of the defendants (defendants’ opposition ¶¶ 4-6).
In reply, the movant submitted the verified bill of particulars demanded by Dr. Atkins. This bill particularized the injuries allegedly sustained and procedures undergone by the named plaintiff. The injuries were all cancer related (e.g., undiagnosed cancer causing metastatic carcinoma of the breast), and the procedures all geared toward detection and treatment of cancer.
Analysis
As a general rule, leave to amend a pleading is freely granted (CPLR 3025 [b]; see Siegel, NY Prac § 237 [3d ed]). However, where leave is sought to assert a cause of action for wrongful death, the proponent must support the motion with “competent medical proof of the causal connection between the alleged [malpractice] and the death of the original plaintiff” (Collura v Good, 243 AD2d 441, 441 [2d Dept 1997]; McGuire v Small, 129 AD2d 429, 429 [1st Dept 1987]; see Griffin v New York City Tr. Auth., 1 AD3d 141 [1st Dept 2003]; Dembo v Health Ins. Plan of Am. [HIP], 239 AD2d 382 [2d Dept 1997]; Layz v City of New York, 205 AD2d 460 [1st Dept 1994]; Harris v St. John’s Episcopal Hosp., 202 AD2d 392 [2d Dept 1994]; see also Padula v Bucalo, 214 AD2d 661 [2d Dept 1995]).
The presentation of expert evidence, by way of a physician’s affidavit or affirmation, causally linking the defendant’s alleged malpractice and the death of the original plaintiff, appears to be the sine qua non of an application for leave to assert a cause of action for wrongful death (see Griffin v New York City Tr. Auth., supra; Leibowitz v Mt. Sinai Hosp., 296 AD2d 340 [1st Dept 2002]; Casalone v Presbyterian Hosp. of City of N.Y., 276 AD2d 452 [1st Dept 2000]; Smith v Tyras, 265 AD2d 217 [1st Dept 1999]; Feinberg v Walter B. Cooke, Inc., 24-0 AD2d 623 [2d Dept *799 1997]; Dembo v Health Ins. Plan of Am. [HIP], supra; Layz v City of New York, supra; Harris v St. John’s Episcopal Hosp., supra; Travis v Chu H. Chang, 200 AD2d 548 [1st Dept 1994] [death certificate and physician’s affidavit]; Ludwig v Horton Mem. Hosp., 189 AD2d 986 [3d Dept 1993]; Kordonsky v Andrst, 172 AD2d 497 [2d Dept 1991]; Artese v Brooklyn Longshoremen’s Med. Ctr., 168 AD2d 405 [2d Dept 1990]; Kirchmeyer v Subramanian, 167 AD2d 851 [4th Dept 1990]; Sweeney v Gardstein, 160 AD2d 1002 [2d Dept 1990]; Buono v Victory Mem. Hosp., 151 AD2d 633 [2d Dept 1989]; McGuire v Small, supra; Liebman v Newhouse, 122 AD2d 252 [2d Dept 1986]; Palmer v New York City Tr. Auth., 33 AD2d 119 [1st Dept 1969]). Concomitantly, the majority of the departments of the Appellate Division have expressly held that such evidence must accompany the application (Ludwig v Horton Mem. Hosp., supra at 986-987 [3d Dept] [“a court will not grant a motion to amend a complaint to allege a cause of action for wrongful death unless it is supported by competent medical proof showing a causal connection between the alleged negligence and the decedent’s death. Such proof must include statements that, in treating the decedent, the defendant deviated from accepted medical practice and that such departure was the proximate cause of death” (citations omitted)]; Sweeney v Gardstein, supra at 1002 [2d Dept] [“a sworn statement of a medical expert establishing that the plaintiffs decedent died as a result of medical malpractice ... is required to support (a) motion (for leave to add a cause of action sounding in wrongful death)”]; McGuire v Small, supra [1st Dept] [“A motion seeking leave to amend a personal injury complaint to assert a cause of action for wrongful death must be supported by competent medical proof of the causal connection between the alleged malpractice and the death of the original plaintiff. Plaintiff has failed to present expert medical opinion that the alleged failure to diagnose splenic carcinoma was casually connected to the plaintiffs death from cardiopulmonary arrest” (citations omitted)]).
In the case at bar, the movant did not submit a physician’s affidavit or affirmation in an effort to demonstrate the requisite causal connection, but rather submitted a death certificate certified by an out-of-state physician. While some authority does exist for granting an application to amend a complaint to assert a cause of action for wrongful death which is supported only by a death certificate (see Rosenberg v New York Univ. Hosp., 128 Misc 2d 90 [Sup Ct, NY County 1985]; 21A Carmody-Wait 2d, *800 NY Prac § 130.92; see also Mitchell v New York City Health & Hosps. Corp., 149 Misc 2d 746 [Sup Ct, Bronx County 1991]; but see Barsella v Hirsch, Sup Ct, Nassau County, Dec. 22, 2000, Mahon, J., Index No. 30508/98; Talmatch v Samet, 134 Misc 2d 1013 [Sup Ct, Nassau County 1986]; Silber and Rabar, The Death of a Plaintiff, NYLJ, Dec. 7, 1995, at 3, col 1 [“In general, simply presenting a death certificate or medical records themselves will not be sufficient. Rather, most courts have required, at the very least, a physician’s affidavit setting forth the causal connection as a condition precedent to the granting of a motion to amend” (citations omitted)]), such authority is at odds with the aforementioned appellate precedent, and, as such, will not be followed. Therefore, in the absence of physician’s affidavit or affirmation, that branch of the motion which is for leave to assert a cause of action for wrongful death must be denied.
Conclusion
Based upon the foregoing, it is hereby ordered that the branch of the named plaintiffs motion which is for leave to amend the caption of the action, pursuant to the stipulation dated August 22, 2003, is granted, and the caption is amended to appear as follows:
“Supreme Court Of The State Of New York County Of New York
Linda Lou Poag, as Executrix of the Estate of Carol J. Rubick a/k/a Carol Jean Rubick, deceased, Plaintiff, v
Veronica Atkins, as Executrix of the Estate of Robert C. Atkins, deceased, Robert C. Atkins, M.D., P.C., Atkins Center for Complementary Medicine, Fred Pescatore, M.D., and Lawrence Kempf, M.D., Defendants”;
and it is further ordered that the remainder of the named plaintiffs motion is denied.

 The parties have stipulated to amend the caption of the complaint, and have stipulated to the contents of the amended caption (plaintiffs’ moving papers, exhibit A).