■ In the Matter of SHAUN DOWLING et al., Appellants, v RICHARD J. BOWEN, as City Manager and Chief Executive Officer of the City of Long Beach, et al., Respondents.—In a consolidated proceeding pursuant to CPLR article 78 to review separate determinations by respondent Bowen that petitioners had violated subdivision 1 of section 210 of the Civil Service Law, and imposing punishment therefor, petitioners appeal from (1) a judgment of the Supreme Court, Nassau County, entered January 15, 1976, which, *inter alia,* dismissed their petitions and (2) an order of the same court, entered December 18, 1975, which denied their motion for renewal or reargument. Judgment affirmed. The appeal from the order is dismissed. Petitioners' motion for renewal or reargument was no more than a motion for reargument, no new matter having been presented which was unavailable prior to the entry of the judgment. The order denying that motion is not appealable. Respondents are awarded one bill of $50 costs and disbursements to cover both appeals. Petitioners, police officers employed by the City of Long Beach, were charged with having violated the prohibition against strikes by public employees contained in section 210 of the Civil Service Law. It was alleged that they had abstained from the proper performance of their duties without permission and had interfered with the orderly operation of essential services in the City of Long Beach. Specifically, they stopped city buses, sanitation trucks and sewer maintenance vehicles, detained them for long and time-consuming inspections, issued summonses and ordered drivers back to their garages. These were the first such summonses issued in the city's history. The violations involved conditions which did not impair the safe operation of the vehicles. Those conditions were determined by petitioners to exist as the result of their overly meticulous adherence to rules. In some instances, compliance with the rules had, through experience, been found to be impractical, and, in others, the rules were inapplicable to the vehicles involved. This conduct on the part of petitioners occurred over a three-day period and was commensurate with a campaign to induce the city to rescind an order which had demoted certain high ranking police officials for budgetary reasons. As a consequence of their efforts to secure job-related demands, petitioners had not performed their duties in the normal manner and had concomitantly abstained from the performance of other duties necessary to the effective functioning of the police. We agree with respondents and Special Term that petitioners thereby engaged in a strike within the meaning of the Taylor Law. Respondents did not act arbitrarily and capriciously in reaching their determination without a hearing since petitioners' affidavits did not refute the charges in such a manner as to raise a question of fact (see Civil Service Law, § 210,

subd 3, par [h]). Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.