## SECOND DEPARTMENT, NOVEMBER, 1980

### (NOVEMBER 3, 1980)

■ COASTAL POLLUTION CONTROL SERVICES, INC., Plaintiff, v POUGHKEEPSIE HOUSING AUTHORITY, Defendant, and Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. MECHANICAL CONSTRUCTION CORP., Third-Party Defendant-Appellant. (And Other Third-Party Actions.) — In an action to recover for services rendered and materials supplied, third-party defendant Mechanical Construction Corporation (Mechanical) appeals from (1) an order of the Supreme Court, Dutchess County, dated October 4, 1979, which granted a motion for discovery and inspection by defendant third-party plaintiff Poughkeepsie Housing Authority (the authority), and (2) a further order of the same court, dated December 26, 1979, which, *inter alia,* denied Mechanical leave to renew said discovery motion. Order dated December 26, 1979, reversed, without costs or disbursements, motion for renewal granted, and, upon renewal, order dated October 4, 1979, vacated and motion for discovery and inspection denied. Appeal from the order dated October 4, 1979, dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order dated December 26, 1979. Special Term erred in not granting Mechanical's motion to renew. Although the new facts alleged on this motion were available at the time of the original motion, there is a sufficient explanation in the record as to why those facts were then omitted. (Cf. *Ecco High Frequency Corp. v Amtorg Trading Corp.,* 274 App Div 982, affd 81 NYS2d 897.) Upon considering these new facts, it is evident that the material originally sought to be discovered by the authority was an engineer's report prepared for Mechanical's liability insurer, which had clearly anticipated representing and defending its insured in litigtion arising out of an oil spill on premises owned by the authority. (See *Kandel v Tocher,* 22 AD2d 513, 515.) Mechanical thus sustained its burden of showing that the subject report was prepared solely for litigation purposes. (See CPLR 3101, subd [d]; see, also, *Koump v Smith,* 25 NY2d 287.) Since the authority failed to show its inability to duplicate the engineer's report or that withholding same would result in injustice or undue hardship, Special Term's order directing the discovery and inspection of the report was error. (See *Cohen v Hardy,* 23 AD2d 793.) Accordingly, the report sought by the authority was protected material and it should not have been considered subject to discovery. Damiani, J. P., Lazer, Mangano and Cohalan, JJ., concur.