■ HERBERT ERLICH, Respondent, v MYRNA ERLICH, Appellant. — In an action, *inter alia,* to rescind an agreement, defendant appeals from an order of the Supreme Court, Nassau County, entered February 28, 1980, which, upon treating plaintiff's motion to "renew" as one for reargument, (1) granted reargument of a prior order of the same court, dated December 11, 1979, that had granted defendant's motion for summary judgment, (2) vacated the prior order, and (3) denied defendant's motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion is denied and the order granting defendant's motion for summary judgment is reinstated. In opposing defendant's motion for summary judgment, plaintiff stated that he "prefer[red] not to", and he did not submit evidence in support of his claim of fraudulent inducement in entering the agreement, under which plaintiff promised to pay alimony to defendant in exchange for her promises, *inter alia,* that she would accept custody of their two minor children. Defendant's evidence in support of her motion consisted of the denials in her verified answer and the provisions of the agreement, which linked custody to child support payments rather than to alimony payments. Under these circumstances Special Term properly granted summary judgment. Plaintiff then moved for "renewal" upon affidavits containing some evidence of defendant's intent at the time of the agreement respecting the custody arrangement. Special Term reversed itself and, *inter alia,* denied summary judgment upon a finding that the affidavits raised a triable issue of fact. This was improper. Plaintiff did not offer any valid excuse for his failure to submit the affidavits in his original opposition papers, and therefore they should not have been accepted at Special Term. His motion for "renewal" was in reality a motion for reargument, which could only have been decided against plaintiff, given his deficient papers on the original motion. (See *Coastal Pollution Control Servs. v Poughkeepsie Housing Auth.,* 78 AD2d 847; *Matter of Macku,* 29 AD2d 539; *Webb & Knapp v United Cigar-Whelan Stores Corp.,* 276 App Div 583, 584; *Ecco High Frequency Corp. v Amtorg Trading Corp.,* 81 NYS2d 897, affd 274 App Div 982, mot for rearg and lv to app den 274 App Div 1056; *Belmont v Erie*

*Ry. Co.,* 52 Barb 637, 654; *American Trading Co. v Fish,* 87 Misc 2d 193, 195; but see *Matter of Samson v County of Nassau,* 78 AD2d 657; *Foley v Roche,* 68 AD2d 558, 567-568; *Matter of Dowling v Bowen,* 53 AD2d 862, mot for lv to app den 40 NY2d 806; *Matter of Holad v MVAIC,* 53 Misc 2d 952, 953.) Accordingly, the order appealed from must be reversed, plaintiff's motion denied, and the prior order reinstated. Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.