OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the petitioners for judgment on the pleadings, pursuant to CPLR 7804 (subd [g]) and 3212, on the grounds that there are no triable issues of fact and that the allegations of the petition establish that the petitioners are entitled to the relief requested in the petition.
In the underlying proceeding, the petitioners seek to annul the determinations of the Department of Environmental Conservation (DEC) dated September 4, 1981 and October 13, 1981, that the petitioners’ pending permit applications are subject to ECL article 8 and that the petitioners must prepare a Draft Environmental Impact *314 Statement (DEIS) for their said pending permit applications. This court has previously denied a cross motion of the respondent and granted the respondent 20 days to answer the petition and the respondent has answered the petition on March 16, 1982.
The petitioner in 1961 commenced production of lightweight aggregate at its facility in Mt. Marion in Ulster County, New York. From 1961 through 1971, petitioner expanded its operation to the point where it operated with three rotary kilns and all associated equipment. Lightweight aggregate is used as a building material in the construction industry.
In early 1976, petitioner began operating its Ulster County facility using mixed industrial solvents and spent lubricating oils as its primary fuel source. Operation of the facility using the mixed industrial solvents and spent lubricating oils as a fuel source included maintenance of fuel tanks and an area for receiving, storing and blending the fuel. In addition, the production process also involved the generation of hazardous wastes.
Throughout the period in question, petitioners, in operating the facility, have held numerous permits issued by the DEC including mining, State pollution discharge elimination system (SPDES) and air quality.
On May 12, 1981, the respondent commenced administrative enforcement proceedings against petitioners based upon alleged SPDES violations and the need for Part 360 permits (disposal of hazardous wastes program; 6 NYCRR Part 360). The proceedings culminated in the execution of consent orders requiring petitioners to, inter alia, submit completed applications for permits to operate their facility in conformance with the requirements of Part 360.
In August of 1981, petitioners submitted Part 360 applications but were notified on September 4, 1981 that the applications were incomplete in that they required the preparation of a DEIS under the State Environmental Quality Review Act (SEQRA; ECL art 8).
The petition alleges that the determination of the respondent that petitioners’ Part 360 applications are subject to SEQRA and that a DEIS must be prepared is illegal, *315 arbitrary and capricious, an abuse of discretion and in excess of the jurisdiction of the respondent.
The petitioners contend that their permit applications are exempt from SEQRA in that they are concerned with maintenance and repair involving no substantial changes and further, that they are “grandfathered” from SEQRA and even if petitioners’ facility was subject to SEQRA, requiring them to prepare a DEIS would be improper.
This court cannot agree with the contentions of the petitioners. The purpose of the New York State Legislature in the enactment of SEQRA (ECL 8-0101 et seq.; L 1975, ch 612) was “to declare a state policy which will encourage productive and enjoyable harmony between man and his environment; to promote efforts which will prevent or eliminate damage to the environment and enhance human and community resources; and to enrich the understanding of the ecological systems, natural, human and community resources important to the people of the state.” (ECL 8-0101.) The courts of this State have recognized the legitimate purpose of this regulation and its intent that all regulatory agencies “conduct their affairs with an awareness that they are stewards of the air, water, land, and living resources, and that they have an obligation to protect the environment for the use and enjoyment of this and all future generations.” (ECL 8-0103, subd 8; Matter of Town of Henrietta v Department of Environmental Conservation of State of N. Y., 76 AD2d 215; H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222, 229.)
Petitioners’ Part 360 permit applications relate to activity requiring the issuance of a permit by an agency thus constituting “actions” within the meaning of SEQRA even though they intend no change to existing facilities. Further, SEQRA procedurally requires the preparation of a DEIS for any action which may have a significant effect on the environment (ECL 8-0109, subd 2).
A DEIS is intended to provide detailed information about the effect which the proposed action is likely to have on the environment, to list ways in which any adverse effects of such an action might be minimized, and to suggest alternatives to such an action so as to form the *316 basis for a decision whether or not to undertake or approve such action.
The determination of whether a proposed action may have a significant effect on the environment is a matter for the exercise of discretion by the DEC (ECL 8-0109). Where there is a rational basis for the agency determination, the court will not substitute its own judgment for that of the administrative agency and the agency decision will stand (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Howard v Wyman, 28 NY2d 434).
Further, petitioners’ Part 360 applications are not excused from SEQRA requirements by being “grandfathered” in. The statute (SEQRA) became effective for the facility in question on September 1, 1976. Although petitioners’ production processes were carried on prior to that date, Part 360 permits were not required until February 28,1978. Petitioners’ activities were not actions within the meaning of SEQRA until after the effective date of SEQRA.
The petitioners’ application for judgment annulling the determinations of the respondent that its pending permit applications are subject to SEQRA and that petitioners must prepare a DEIS in connection with those permit applications is in all respects denied.