■ In the Matter of LOCAL 252, TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO, Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and METROPOLITAN SUBURBAN BUS AUTHORITY, Intervenor-Respondent. — Determination of respondent-respondent New York State Public Employment Relations Board, dated August 6, 1981, annulled, on the law and the facts, and the petition of Local 252, Transport Workers Union of America, ALF-CIO, seeking that relief, granted, without costs. We do so primarily for the reasons set out in the dissenting opinion of Chairman Harold R. Newman of the board, and in the decision and recommended order of John M. Crotty, hearing officer of the board, dated March 23, 1981. The finding and conclusion that petitioner engaged in a strike from January 2 through 8, 1980, is not in accord with the evidence; the majority decision jumped to conclusions not bottomed on the evidence, which had been carefully analyzed by the

hearing officer, and, to that extent, was arbitrary and capricious.[1] The case cited by the. majority, *Matter of Dowling v Bowen* (53 AD2d 862), we consider inapropos and inapplicable, involving as it did, conduct of police officers who did not face the problems apparent here: civil and criminal penalties for violations of the Vehicle and Traffic Law[2], as well as revocation of the license as bus driver, and also liability for accidents resulting from driving in violation of law. More analogous to our situation is *Van Vlack v Ternullo* (74 AD2d 827). In short, it appears that the board's determination was based primarily on an unfortunate remark by the union's chief executive some time before the "strike" that, if there were no collective bargaining contract by January 1, 1980, "big trouble" would ensue. The executive's conduct in persuading drivers to take their buses out in strict compliance with a Supreme Court order indicates his basic good faith. New findings and conclusions consonant with the foregoing are substituted for those implicit in the decision and order of the board. Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.

---

1. E.g., Farrell, assistant to the superintendent of transportation of the intervenor Metropolitan Suburban Bus Authority, testified to the actual *de minimis* character of interference with operation by any sort of organized action.

2. For instance, Vehicle and Traffic Law, § 375, subd 32; §§ 514, 1101, 1103, subd (a); § 1803.