■ In the Matter of Clinton A. Salmon, Individually and as Supervisor of the Town of Sardinia, Respondent, v Robert F. Flacke, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents, and Richard Penfold, as President of Chaffee Landfill, Inc., Appellant. (Appeal No. 1.) — Judgment unanimously reversed, with costs, and petition dismissed, in accordance with the following memorandum: On November 5, 1981, the Department of Environmental Conservation (DEC) issued a permit pursuant to 6 NYCRR Part 360 to respondent Chaffee Landfill, Inc., for the operation of a solid waste management facility located in the Town of Sardinia. In this CPLR article 78 proceeding, commenced by the town supervisor, Special Term has annulled the permit on two grounds: (1) that DEC improperly failed to require the preparation of an environmental impact statement (EIS) or the filing of a negative declaration before issuing the operation permit as required by ECL 8-0109 (subd 2); and (2) that DEC failed to require the applicant to set forth its contingency plans separately in its application and improperly (contrary to the requirements of 6 NYCRR 360.3 [b] [3]) accepted contingency plans which were interspersed throughout the engineering plans. We find no basis for the denial of the permit on either ground and accordingly reverse and reinstate the permit. It is undisputed that a landfill had been in operation at the site since the 1950's and that on October 22, 1958 the Erie County Department of Health issued a permit for the

removal, collection, transportation and disposal of garbage, rubbish and refuse covering the facility to U.L. Smith, a predecessor of Chaffee Landfill, Inc. Thus, the landfill operation was an action undertaken or approved prior to September 1, 1976 (the effective date of the State Environmental Quality Review Act [SEQRA], ECL art 8) and was by virtue of ECL 8-0111 (subd 5 par [a]) exempt from the requirements of ECL 8-0109 (subd 2). Special Term erred in holding that it was the issuance of the permit in question under 6 NYCRR Part 360 (which was subsequent to Sept. 1, 1976) and not the prior landfill activities for which the permit was sought which constituted "[a]ctions undertaken or approved prior to the effective date of this article" pursuant to ECL 8-0111 (subd 5, par [a]), the so-called "grandfathering" provision. In ECL 8-0105 (subd 4, par [i]) the term "'[a]ctions'" is defined as, among other things, "projects or activities involving the issuance to a person of a lease permit, license, certificate or other entitlement for use or permission to act". We hold that DEC properly granted the permit without requiring an EIS or a negative declaration pursuant to ECL 8-0109 (subd 2). *Northeast Solite Corp. v Flacke* (114 Misc 2d 313), relied on by respondent, is not to the contrary. There, as distinguished from the case before us, the activities which required the application for a permit pursuant to 6 NYCRR Part 360 commenced after the effective date of SEQRA. On review of the engineering plans and the attachments and the supplemental information filed with DEC under date of June 4, 1981 in answer to its request, we hold that the application sufficiently complies with the requirement in 6 NYCRR 360.3 (b) (3) that contingency plans for certain corrective or remedial actions be set forth. Nowhere do the statute or the regulations specify that contingency plans must be separately stated or labeled or that they may not be included within the submission of engineering information and operating plans. Special Term's imposition of such a requirement for policy reasons was error and contrary to DEC's interpretation of its own regulations as not requiring a separate statement of contingency plans, an interpretation which we do not find unreasonable (see, generally, *Matter of Johnson v Joy,* 48 NY2d 689, 691; *Matter of Mabb v Toia,* 64 AD2d 831, affd 48 NY2d 928). Inasmuch as the motion to renew was based on relevant information and documents upon which DEC had granted the permit and which had been inadvertently omitted from the return filed by the DEC at the time of the original submission to Special Term, the motion to renew made in behalf of the applicant should have been granted (see CPLR 2221; *Coastal Pollution Control Servs. v Poughkeepsie Housing Auth.,* 78 AD2d 847; Siegel, New York Practice, § 254, pp 313-314). (Appeal from judgment of Supreme Court, Erie County, Doyle, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ. [113 Misc 2d 640.]