■ EDITH KORDONSKY, Individually and as Administratrix of the Estate of MARVIN KORDONSKY, Deceased, Appellant, v BORIS ANDRST et al., Respondents.—In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated March 31, 1989, as denied that branch of her motion which was for leave to serve an amended complaint to assert a cause of action to recover damages for wrongful death against the defendant Boris Andrst, M.D., and granted that branch of her motion which was to assert additional claims for damages in the survival cause of action against all the defendants, only to the extent of allowing her to include a prayer for damages for pain and suffering of the decedent, and loss of earnings due to the disability of the decedent.

Ordered that the order is modified by adding thereto a provision granting that branch of the plaintiff's motion which was for leave to serve an amended complaint to assert a cause of action to recover damages for wrongful death against the defendant Boris Andrst, M.D.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1981, the plaintiff and her husband, Marvin Kordonsky, commenced this action against the defendants alleging, *inter alia,* that they failed to diagnose and properly treat Mr. Kordonsky's tumor. In 1982, Mr. Kordonsky died as a result of the tumor. In 1984, Edith Kordonsky was appointed administratrix of her husband's estate and was substituted as a party for her husband. By order dated March 5, 1985, the Supreme Court denied the plaintiff's motion to serve an amended complaint to assert a cause of action to recover damages for wrongful death. The court concluded that the medical report submitted by the plaintiff in support of her motion was not in proper affidavit form, and was based on hearsay.

After substitution of present counsel in 1988, the plaintiff renewed her motion for leave to serve an amended complaint to assert a cause of action to recover damages for wrongful death, but only as against the defendant Boris Andrst, M.D. On this occasion, the plaintiff's moving papers contained an affirmation from George Jacobs, M.D., a neurosurgeon, who opined that Dr. Andrst had deviated from accepted standards of care in his treatment of the decedent. On the issue of causation, Dr. Jacobs wrote that "Effective surgery and resection in either [1975 or 1976] would have resulted in the substantial probability of a much longer life expectancy, at least an approximate 15 year meaningful survival time, and the possibility of a cure."

The plaintiff also sought leave to amend the cause of action brought pursuant to EPTL 11-3.3, asserted as against all of the defendants, to include a prayer for damages, *inter alia,* for the decedent's pain and suffering, loss of enjoyment of life, and loss of earnings.

In an order dated March 31, 1989, the Supreme Court denied that branch of the plaintiff's motion which was for leave to assert a cause of action to recover damages for wrongful death against Dr. Andrst, finding, *inter alia,* "there has been no demonstration by competent medical proof of a causal connection between the alleged malpractice of the defendant, Boris Andrst, M.D., and the death of the decedent, Marvin Kordonsky". However, the court did grant that branch of the plaintiff's motion which was to assert a prayer for additional damages in the cause of action brought pursuant to EPTL 11-3.3, but only for pain and suffering, and loss of earnings due to the decedent's disability. We now modify so as to permit the plaintiff to assert a cause of action to recover damages for wrongful death against Dr. Andrst.

A motion seeking leave to amend a complaint seeking damages, *inter alia,* for medical malpractice to assert a cause of action to recover damages for wrongful death must be supported by competent medical proof of the causal connection between the alleged negligence of the defendant and the death of the original plaintiff *(see, Shapiro v Beer,* 121 AD2d 528). Here Dr. Jacobs' affirmation expresses the opinion that earlier surgery and resection would have resulted in the substantial probability of a significantly enhanced survival period, and the possibility of a cure. In our view, this medical opinion is sufficient to establish the causal connection between the alleged negligence of Dr. Andrst and the decedent's death *(see, Amsler v Verrilli,* 119 AD2d 786, 787). Accordingly, the

plaintiff should have been permitted to assert a cause of action to recover damages for wrongful death against Dr. Andrst.

However, we reject the plaintiff's contentions regarding the measure of damages recoverable in a cause of action based upon injury to a person for "conscious pain and suffering" prior to death. EPTL 11-3.3 limits recovery to damages for pain and suffering endured by the deceased, for expenses incurred, and for loss of earnings up to the time of death (EPTL 11-3.3; *Holmes v City of New York,* 269 App Div 95, 97, *affd* 295 NY 615). Lost future earnings can be recovered under the wrongful death statute, but not in an action pursuant to EPTL 11-3.3 *(see, Miles v Apex Mar. Corp.,* 498 US —, 111 S Ct 317; *see also,* 1935 Report of NY Law Rev Commn, at 164-165).

New York courts must defer to the Legislature in striking the sensitive balance as to the causes of action and measure of damages which are recoverable due to the wrongful death of another. If a change is to be made to allow for recovery of lost future earnings in an action pursuant to EPTL 11-3.3, it must be done by the Legislature, not by the courts *(see, Liff v Schildkrout,* 49 NY2d 622).

Additionally, we note that "the shortening of one's life", which the plaintiff urges should be considered as a separate measure of damages in her cause of action brought pursuant to EPTL 11-3.3, and is also referred to by her in the brief as the loss of a substantial survival period, is really nothing more than a claim for wrongful death damages.

We have considered the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.