■ FERNANDO MARTINEZ, Appellant, v HUDSON ARMORED CAR & COURIER, INC., et al., Respondents. [607 NYS2d 644] — Order, Supreme Court, Bronx County (Barry Salman, J.), entered February 4, 1993, which, inter alia, denied plaintiff's motion for renewal and reconsideration of a prior order changing venue from Bronx County to Dutchess County, unanimously reversed, on the law and in the exercise of discretion, without costs, and venue of plaintiff's action is restored to Bronx County.

Plaintiff was injured on September 2, 1991 when employees of defendant Hudson Armored Car & Courier, Inc. (Hudson) discharged their firearms in a Bronx department store while foiling a robbery, and a bullet struck plaintiff in the leg. On April 20, 1992, plaintiff commenced an action in Bronx Su-

preme Court against Hudson and its employees who were involved in the incident. The summons listed a New York County address as plaintiff's residence, and Queens or Kings County addresses for Hudson and the individual defendants.

After service of a CPLR 511 demand for change of venue, to which plaintiff did not consent, defendants moved for a change of venue to Dutchess County, Hudson's principal place of business as listed with the Secretary of State, on the ground that none of the parties resided in Bronx County. Plaintiff opposed the motion on the ground that the incident occurred in Bronx County and was investigated by police stationed in Bronx County, non-party material witnesses resided in Bronx County and plaintiff was hospitalized in Bronx County. Plaintiff also submitted Hudson's business card showing an office and address and telephone number in Kings County, and only a Post Office Box in Dutchess County. By order entered October 15, 1992, the Supreme Court granted defendants' motion on grounds that none of the parties resided in Bronx County (CPLR 503 [a]) and plaintiff had not formally cross-moved to retain venue in Bronx County (CPLR 510 [3]).

Plaintiff's counsel (since replaced) advised plaintiff of the ordered change of venue, whereupon plaintiff, who was not previously aware of the significance of his place of residence, informed counsel for the first time that he had actually maintained his primary residence in Bronx County since February 19, 1991, and lived there with his wife and child. Plaintiff promptly moved for renewal and reconsideration on this ground, annexing copies of a deed for the purchase of a Bronx condominium, and bills for real estate taxes, management services, cable television and telephone service at plaintiff's Bronx address. Plaintiff maintained a secondary residence at his mother's address in New York County, where he slept approximately two days each week, and which was near a florist business that he owned. CPLR 503 (a) provides that "[a] party resident in more than one county shall be deemed a resident of each such county." If these facts had been made known to the court originally, venue would certainly have been maintained in Bronx County.

Supreme Court denied renewal on the ground that the facts concerning the plaintiff's Bronx residence were available to the plaintiff from the outset of the litigation and should have been presented on the earlier motion. However, this long-familiar rule (e.g., Foley v Roche, 68 AD2d 558, 568) is not inflexible, and in appropriate circumstances the court should exercise its discretion to grant renewal upon facts known to

the movant at the time of the original motion *(De Almeida v Finesod,* 160 AD2d 491; *Pinto v Pinto,* 120 AD2d 337; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.03). Here, it is understandable that plaintiff did not appreciate the significance for venue purposes of his maintaining two residences in different counties, and therefore his neglecting to advise his attorney of that circumstance is excusable. That counsel did not question plaintiff as to whether his New York County address was his *sole* address, was also excusable. It has been held that even if information or documents are known to counsel but inadvertently omitted from the first motion, renewal should be granted *(Matter of Salmon v Flacke,* 91 AD2d 867, 868, *affd* 61 NY2d 798). Accordingly, the court should have exercised its discretion to grant plaintiff's motion for renewal. Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.