◼ MICHELLE L. SAND, Individually and as Administrator of the Estate of TODD SAND, Deceased, Respondent, v NORMAN A. CHAPIN et al., Appellants. [656 NYS2d 700] —Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered August 6, 1996 in Albany County, which, *inter alia*, denied defendants' motion to dismiss portions of the complaint for failure to state a cause of action.

In January 1996 plaintiff, individually and as administrator of the estate of decedent, her husband, commenced this action against defendants seeking damages for decedent's conscious

pain and suffering and wrongful death based upon defendants' alleged medical malpractice. Following joinder of issue, defendants moved to dismiss portions of the complaint for failure to state a cause of action and plaintiff cross-moved to compel certain discovery. Supreme Court denied defendants' motion and granted plaintiff's cross motion, and this appeal by defendants ensued.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), we are to afford the pleading a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (*see, Leon v Martinez*, 84 NY2d 83, 87-88; *Shulman & Son v Jorling*, 189 AD2d 1012, 1013). Here, plaintiff's first and third causes of action seek damages for decedent's "serious and fatal injuries, including severe pain and suffering, extensive medical expenses, loss of employment and occupational opportunities, and loss of society and enjoyment of life". Although we are persuaded that plaintiff has sufficiently alleged a cause of action for conscious pain and suffering (*see*, EPTL 11-3.3 [a]), it must be noted that a decedent has no cause of action to recover for his or her own death (*see, Liff v Schildkrout*, 49 NY2d 622, 633) and, further, that recovery under EPTL 11-3.3 (a) is limited to "damages for pain and suffering endured by the deceased, for expenses incurred, and for loss of earnings up to the time of death" (*Kordonsky v Andrst*, 172 AD2d 497, 499). Hence, to the extent that plaintiff purports to seek damages for decedent's future lost earnings or employment opportunities (*see, id.*, at 499) or his loss of society and enjoyment of life, such claims are not cognizable in an action pursuant to EPTL 11-3.3 (a) and must, therefore, be dismissed.

Similarly, we are persuaded that plaintiff's second and fourth causes of action, although inartfully drafted, indeed allege a claim for wrongful death. Again, however, there is a caveat. In accordance with EPTL 5-4.3 (a), the damages recoverable in a wrongful death action are limited to "the *pecuniary* injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (*id.*, at 499 [emphasis supplied]; *see, Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 667). Accordingly, plaintiff may recover only for her injuries and, in her capacity as the administrator of decedent's estate, those suffered by her minor son. Thus, to the extent that plaintiff seeks recovery for medical and funeral expenses, loss of support and assistance and, on behalf of her minor child, loss of parental care and guidance, such damages are recoverable in a

wrongful death action (*see, Gonzalez v New York City Hous. Auth., supra*, at 668; *Plotkin v New York City Health & Hosps. Corp.*, 221 AD2d 425, 426, *lv dismissed* 88 NY2d 917). Plaintiff cannot, however, seek recovery for the grief or loss of society or companionship she suffered as the result of decedent's death (*see, Gonzalez v New York City Hous. Auth., supra*, at 667-668) and, inasmuch as a wrongful death claim accrues only to the decedent's distributees (*see*, EPTL 5-4.1, 5-4.3 [a]), she cannot seek any recovery for decedent's loss of enjoyment of life. Accordingly, plaintiff's claims in this regard must be dismissed.

Finally, with respect to plaintiff's fifth cause of action seeking, *inter alia*, damages for loss of consortium from the time of decedent's death to and through plaintiff's life expectancy, we need note only that this State does not recognize a "common-law cause of action on behalf of the surviving spouse for permanent loss of consortium due to the wrongful death of his or her marital partner" (*Liff v Schildkrout*, 49 NY2d 622, 633, *supra*). Thus, that portion of plaintiff's fifth cause of action asserting a claim for permanent loss of consortium must be dismissed.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss (1) that portion of the first and third causes of action seeking recovery for decedent's future lost earnings, employment opportunities and loss of society and enjoyment of life, (2) that portion of the second and fourth causes of action seeking recovery for plaintiff's grief and loss of society or companionship resulting from decedent's death and seeking recovery for decedent's loss of enjoyment of life, and (3) that portion of the fifth cause of action seeking recovery for plaintiff's permanent loss of consortium; motion granted to that extent and said claims are dismissed; and, as so modified, affirmed.