■ OAKALEA DEMBO, as Executrix of ADOLPH DEMBO, Deceased, Respondent, v HEALTH INSURANCE PLAN OF AMERICA (HIP) et al., Defendants, and SOUNDER ESWAR, Appellant. [658 NYS2d 887] —In an action, *inter alia,* to recover damages for medical malpractice, the defendant Sounder Eswar appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 15, 1996, as granted that branch of the plaintiff's motion which was for leave to serve an amended complaint asserting a cause of action to recover damages for wrongful death against him.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the plaintiff's motion which was for leave to serve an amended complaint asserting a cause of action to recover damages for wrongful death against the defendant Sounder Eswar is denied.

A motion for leave to amend a complaint in a medical malpractice action to assert a cause of action for wrongful death must be supported by competent medical proof of a causal connection between the alleged malpractice and the decedent's death *(see, Kordonsky v Andrst,* 172 AD2d 497; *Zuck v Sierp,* 169 AD2d 717). In this case, the court improvidently exercised its discretion in granting leave to amend because the conclusory physician's affidavit submitted by the plaintiff did not sufficiently demonstrate the required causal connection *(see, Shapiro v Beer,* 121 AD2d 528). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.