■ FRAMAPAC DELICATESSEN, INC., et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY et al., Appellants. [670 NYS2d 491] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 9, 1997, which granted plaintiffs' motion for renewal of their prior motion for summary judgment and, upon renewal, reinstated plaintiff's complaint, granted plaintiff's motion for summary judgment to the extent of finding that defendants had a duty to defend plaintiffs in the underlying action and directed the parties to proceed with discovery, unanimously affirmed, without costs.

Plaintiffs' motion, correctly considered by the IAS Court as one for renewal since it was based upon newly submitted evidence (*see, Bibeau v Ward,* 193 AD2d 875, 876; *Segall v Heyer,* 161 AD2d 471, 473), was properly granted. Although renewal is generally not available where the newly submitted material was available at the time of the original motion (*see, Foley v Roche,* 68 AD2d 558, 568), a court nonetheless has broad discretion to grant renewal and may in appropriate circumstances do so even upon facts known to the movant at the time of the earlier motion (*see, U. S. Reins. Corp. v Humphreys,* 205 AD2d 187, 192; *Martinez v Hudson Armored Car & Courier,* 201

AD2d 359, 361; *Matter of Salmon v Flacke*, 91 AD2d 867, 868, *affd* 61 NY2d 798). Accordingly, it was not an improvident exercise of discretion for the IAS Court to have granted renewal where, as here, the new evidence offered in support of the application for renewal, although in existence at the time of the original motion, had not then been made known to plaintiffs' counsel by the attorneys who had defended the present plaintiffs in the underlying property damage action. Moreover, the court's grant of renewal under the circumstances at bar comports with the strong public policy in favor of resolving cases on the merits (*Segall v Heyer, supra*, at 473).

As to the merits of plaintiffs' renewed summary judgment motion seeking a declaration that defendant insurers had a duty to defend and indemnify plaintiffs in the underlying action, here, it is clear that the allegations of the second amended complaint in the underlying action fall within the risk insured and, specifically, that the liability alleged in the complaint is premised upon occurrences within the period for which defendant insurers extended coverage to plaintiffs (*see, General Acc. Ins. Co. v IDBAR Realty Corp.*, 229 AD2d 515, 516, citing *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310; *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63). Accordingly, the IAS Court's grant of plaintiffs' motion for summary judgment to the extent of declaring that defendant insurers were obligated to provide plaintiffs a defense in the underlying action was entirely correct.

We have reviewed defendants' other arguments and find them to be without merit. Concur—Sullivan, J. P., Williams, Tom and Andrias, JJ.