■ BELINDA HUGHES, Appellant, v S&S APPAREL CORPORATION, Respondent, et al., Defendant. [679 NYS2d 580] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 6, 1998, which, insofar as appealed from, denied plaintiff's motion to renew her prior motion to amend the complaint so as to include a cause of action for malicious prosecution and to join additional parties defendants, unanimously affirmed, without costs.

The motion to renew was properly denied in the absence of any explanation why the facts adduced in support thereof, purporting to show that defendants delayed the CPL 30.30 dismissal of the criminal prosecution they initiated against plaintiff, were not adduced on the first motion (*see, Foley v Roche*, 68 AD2d 558, 568). In any event, were we to review the entire record, we would find that plaintiff fails to demonstrate

a meritorious cause of action for malicious prosecution. Plaintiff's attorney herein did not represent her in the criminal proceeding, and has no basis for asserting that certain statements made by plaintiff's attorney in the criminal action are probative of defendants' responsibility for the claimed delay of the anticipated CPL 30.30 dismissal. The written agreement between the parties, while ambiguous as to their exact legal relationship, is more than adequate to demonstrate a good faith belief by defendants that they were not in partnership with plaintiff, and that plaintiff had no right to take the goods she was accused of stealing. The criminal complaint was lodged well before plaintiff commenced the instant action for an accounting and other nontort relief, undermining her claim that defendant used the criminal proceeding to coerce her to settle her civil claims, and there is no evidence to support counsel's claim that defendants overstated the value of the goods. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.