(July 18, 2002)

■ JOSEPH LEIBOWITZ, Individually and as Executor of DEBORAH LEIBOWITZ, Deceased, Appellant, v MT. SINAI HOSPITAL et al., Respondents. [745 NYS2d 166] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about January 2, 2002, which, to the extent appealed from as limited by the brief, denied plaintiff's motion for leave to amend the complaint to assert a cause of action for wrongful death, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the motion granted and the amended complaint in the form submitted on the motion deemed served and filed.

The deceased, diagnosed with advanced colon cancer, underwent a colonic resection in June 1997 performed by defendant, Dr. L. Brian Katz of Laparoscopic Surgical Center of N.Y., at Mt. Sinai Hospital. Both the Center and the Hospital are also named as defendants. The second stage of the surgery, known as "ileo-anal pull-through," was to be performed several months later. The purpose of the second surgical procedure was to prevent the cancer from recurring within the residual rectal lining. According to plaintiff's expert's affidavit, ileo-anal pull-through surgery is a demanding procedure, contraindicated in patients whose cancer has already metastasized since its purpose—the prevention of further cancer—is rendered superfluous and the resulting bowel complications impede the chemotherapy for metatastic disease. In addition, as this record indicates, there are serious operative risks attached to this surgery and it is painful and debilitating.

Plaintiff's decedent was originally scheduled for the second

surgery in the summer of 1998. While Dr. Katz testified that a routine pre-operative workup at that time showed no detectable cancer in her lungs, the most likely place to which the cancer would spread, the only radiological testing he ordered was of the abdominal and pelvic areas. There is no chest x-ray report in Dr. Katz's records to show that lung metastasis was ruled out that summer. Because of the deceased's intervening family obligations, the second surgical procedure was postponed, with Dr. Katz's approval, until October 1998. The surgery was performed at that time without any renewed work-up to see if the cancer had spread. A few days after the second surgery, the deceased underwent a CT scan, which revealed spots on the lungs that turned out to be metastatic deposits from the spread of colon cancer. The deceased thereafter developed massive diarrhea as a result of the ileo-anal pull-through surgery, which weakened her and, according to her expert, interfered with her chemotherapy. Eventually, the cancer spread to her pelvis, lungs and brain. She underwent several hospitalizations at Beth Israel Medical Center for pelvic resection and cancer therapy, as well as supportive/palliative care, and died of metastatic colon cancer on March 6, 2000.

This lawsuit was commenced on April 5, 1999, while the deceased was still alive. After her death her husband was substituted as executor of the estate but, because discovery was incomplete, it was not known at the time whether a wrongful death claim could be asserted. The depositions of Dr. Katz, taken on June 5, 2001, and of Mt. Sinai's witness, Dr. Mendelsohn, taken on August 3, 2001, provided new information, not previously available, that supported a wrongful death claim. Plaintiff then promptly retained a board certified internal medicine/ gastroenterology consultant, who supplied a medical affirmation of merit dated August 9, 2001, and, on the basis thereof, moved for leave to serve an amended complaint adding a cause of action for wrongful death. Supreme Court denied the motion, finding the expert's affirmation to be conclusory and boilerplate and insufficient to establish the causal connection between the contraindicated second surgical procedure and the deceased's death. We reverse.

In our view, plaintiff's gastroenterologist's medical affirmation sufficiently conveyed the cause-and-effect relationship between the contraindicated surgery and the deceased's death. As the expert stated, the ileo-anal pull-through procedure not only posed serious operative risks and was painful and debilitating, but would also result in bowel complications that "impede the chemotherapy for metastatic disease." He opined

that the sequela of the departures from good and accepted standards of care not only complicated the chemotherapy and increased the deceased's suffering, but hastened her death. On the basis of these findings, he concluded that the deceased's death was causally related to the malpractice.

Since leave to amend a pleading shall be freely given (CPLR 3025 [b]) and, in the circumstances demonstrated, the theory of liability is the same and defendants can show no prejudice, leave to amend should have been granted.

We have examined defendants' remaining arguments and find they are without merit. Concur—Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.