■ Daisy Trinidad, Respondent, v Rafael Lantigua, M.D., et al., Appellants, et al., Defendant. [767 NYS2d 618]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about July 10, 2003, which, upon the grant of plaintiff's motion for renewal, inter alia, denied defendants' previously granted motion for summary judgment and granted plaintiff's motion to amend the complaint to add a cause of action for wrongful death, unanimously affirmed, without costs.

The issue of whether plaintiff should have been granted renewal to submit a certified death certificate in support of her proposed cause of action for wrongful death has been waived by defendants' failure to appeal from the prior order denying plaintiff leave to amend "without prejudice" to a subsequent motion for the same relief supported by a certified death certificate (*see Moleon v Kreisler Borg Florman Gen. Constr. Co.*, 304 AD2d 337 [2003]).

Under the particular circumstances presented, the affidavit of plaintiff's expert, which plaintiff's prior counsel inexplicably failed to submit, was properly considered by the court on renewal (*see Mejia v Nanni*, 307 AD2d 870 [2003]). The affidavit was sufficient to raise a triable issue as to whether defendant doctor's treatment of the decedent comported with prevailing standards of professional medical care (*see Lambos v Weintraub*, 246 AD2d 356 [1998]).

Dismissal of the action as time-barred insofar as it alleges malpractice prior to July 16, 1998 was properly denied. Particularly in view of defendant Lantigua's failure to keep treatment notes of the decedent's numerous visits to his office in the 1990s, there are outstanding factual issues as to whether Lantigua continuously treated the decedent for symptoms of the cancer he allegedly failed to timely diagnose at a time prior to July 16, 1998 (*see Hill v Manhattan W. Med. Group-H.I.P.*, 242 AD2d 255 [1997]). Concur—Tom, J.P., Andrias, Saxe and Ellerin, JJ.