MICHAEL R. PAOLANO, Respondent, v SOUTHSIDE HOSPITAL, Appellant. [771 NYS2d 152]—

In an action to recover damages for medical malpractice, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated November 26, 2002, which granted the plaintiff's motion for leave to serve an amended complaint adding a cause of action to recover damages for wrongful death.

Ordered that the order is affirmed, with costs.

CPLR 3025 (b) provides that leave to serve an amended pleading should be freely given upon such terms as are just. Leave to amend will generally be granted as long as the opponent is not surprised or prejudiced by the proposed amendment, and the proposed amendment appears to be meritorious (*see AYW Networks v Teleport Communications Group,* 309 AD2d 724 [2003]; *Charleson v City of Long Beach,* 297 AD2d 777 [2002];

*Holchendler v We Transp.,* 292 AD2d 568 [2002]). The decision to grant leave to serve an amended complaint rests within the sound discretion of the court, and will not lightly be disturbed (*see Liberty Mut. Ins. Co. v Perfect Knowledge,* 299 AD2d 524 [2002]; *Duffy v Bass & D'Allesandro,* 245 AD2d 333 [1997]).

Where a plaintiff seeks to serve an amended complaint in a medical malpractice action to add a cause of action for wrongful death, the motion "must be supported by competent medical proof of a causal connection between the alleged malpractice and the decedent's death" (*Dembo v Health Ins. Plan of Am.,* 239 AD2d 382, 383 [1997]; *see Kirkland v New York City Health & Hosps. Corp.,* 282 AD2d 654 [2001]; *Collura v Good,* 243 AD2d 441 [1997]; *Kordonsky v Andrst,* 172 AD2d 497 [1991]). "Such proof must include statements that, in treating the decedent, the defendant deviated from accepted medical practice and that such departure was the proximate cause of death" (*Ludwig v Horton Mem. Hosp.,* 189 AD2d 986, 986-987 [1993]).

Contrary to the defendant's contentions, the affirmation of the plaintiff's medical expert witness, Dr. Elliot Newhouse, satisfied the plaintiff's burden. Dr. Newhouse reviewed the decedent's medical records and made express references to clinical indications to conclude that hospital personnel failed to properly diagnose and treat her postpartum infection. The decedent was discharged on January 3, 1997, despite showing signs of infection. She was treated and discharged the next day but the source of the infection was not discovered and no antibiotics were prescribed. She returned approximately 11 days later and was finally found to have a major abdominal infection. This infection caused her kidneys to be injured, and ultimately to fail, resulting in her death. Dr. Newhouse opined that hospital personnel departed from appropriate standards of care in failing to diagnose and treat the decedent's infection, and that "there [was] a direct relationship between the departures of the hospital, the onset of Hemolytic Uremic Syndrome, the sequalae and her ultimate death." Dr. Newhouse's opinion provided sufficient proof of merit to support the amendment (*see Kordonsky v Andrst, supra* at 498; *accord Leibowitz v Mt. Sinai Hosp.,* 296 AD2d 340 [2002]). Accordingly, since the only ground for denial of the motion asserted by the defendant was that the amendment lacked merit, the Supreme Court providently exercised its discretion in granting the plaintiff's motion. Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.