Poag v Atkins (2004 NY Slip Op 50524(U))

[*1]

Poag v Atkins

2004 NY Slip Op 50524(U)

Decided on June 7, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 7, 2004

Supreme Court, New York County
LINDA LOU POAG, as Executrix of the Estate of CAROL J. RUBICK, a/k/a CAROL JEAN RUBICK, deceased, Plaintiff,
against
VERONICA ATKINS, as executrix of the Estate of ROBERT C. ATKINS, M.D., deceased ROBERT C. ATKINS, M.D., P.C., ATKINS CENTER FOR COMPLEMENTARY MEDICINE, FRED PESCATORE, M.D., and LAWRENCE KEMPF, M.D., Defendants.
Index No.: 111539/02

Joan B. Carey, J.
Motion by the plaintiff for leave to renew the prior motion made by the plaintiff which, among other things, was for leave to amend the complaint to assert a cause of action for wrongful death.
Facts & Procedural Posture
The plaintiff's decedent, Carol Rubick, received oncological treatment at defendants Robert C. Atkins, M.D., P.C., (hereinafter the P.C.) and The Atkins Center for Complementary Medicine (hereinafter the Center) from September 1995 to October 2000. The plaintiff's decedent was allegedly treated by defendants Robert C. Atkins, M.D., Fred Pescatore, M.D., and Lawrence Kempf, M.D., at the P.C. and the Center during the aforementioned period. The plaintiff's decedent commenced the instant action, sounding in medical malpractice and lack of informed consent, against the defendants on June 6, 2002. The crux of the action was the defendants' alleged negligence in treating the breast cancer condition suffered by the plaintiff's decedent.
The plaintiff's decedent subsequently passed away on January 18, 2003, and Linda Lou Poag was appointed the executrix of Ms. Rubick's estate. Dr. Atkins also passed away following the commencement of this action, and Veronica Atkins was appointed the executrix of his estate.
On October 10, 2003, the executrix of Ms. Rubick's estate moved, in effect, for substitution of the plaintiff's decedent and Dr. Atkins, and for leave to amend the complaint to assert a cause of action for wrongful death. By an order, dated January 7, 2004,[FN1] the court [*2]granted that branch of the motion which was for substitution of the proper parties, and denied that branch which was for leave to amend the complaint to assert a cause of action for wrongful death. Denial of the latter branch was premised upon the movant's failure to submit the affidavit or affirmation of a physician causally linking the defendants' alleged malpractice and the death of the plaintiff's decedent (see e.g. McGuire v Small, 129 AD2d 429, 429 [1st Dept. 1987]).
The plaintiff now moves, in effect, for leave to renew that branch of the prior motion which was for leave to amend the complaint to assert a cause of action for wrongful death. In support of her application, the plaintiff has submitted the out-of-state death certificate tendered on the prior motion, and the affirmation of a licensed physician. The physician, based upon his review of the aforementioned death certificate and certain specified medical records, opined, "within a reasonable degree of medical certainty, that [the plaintiff's] decedent died as a result of metastatic disease and breast cancer, as a result of the care and treatment rendered by the defendants."
The defendants oppose the present motion on the grounds that the plaintiff failed to provide a reasonable justification for her failure to submit the physician's affirmation on the prior motion, and that the affirmation fails to causally connect the defendants' alleged malpractice and the death of the plaintiff's decedent in a non-conclusory manner.
 In reply, the plaintiff has submitted an additional affirmation from the physician in which he opined, "within a reasonable degree of medical certainty, that [the plaintiff's] decedent died as a result of breast cancer with metastatic disease, as a result of the care and treatment rendered by the defendants. Specifically, in treating [the plaintiff's] decedent, defendants deviated from good and accepted medical practice, in that defendants failed to advise radiation treatment and adjuvant chemotherapy, as had been suggested by medical oncologists as the appropriate treatment for [the plaintiff's] decedent's stage of breast cancer, and that such departure was the proximate cause of death."
Analysis
CPLR 2221 addresses motions affecting prior orders, including, among others, the motion for leave to renew, the motion which seeks to introduce facts in existence at the time of but not submitted on the prior motion.[FN2] Prior to its amendment in 1999, the function of CPLR 2221 was to steer motions affecting prior orders to the judges who signed the underlying orders. The nature and effect of the motion for leave to renew was not addressed by the statute, and the task of establishing the law governing that motion became the labor of the courts (see Senate's Mem in support of L 1999, ch 281, 1999 McKinney's Session Laws of NY, at 1721; Advisory Comm Report, 1999 McKinney's Session Laws of NY, at 2065; Mem of Off of Ct Admin, McKinney's Session Laws of NY, at 2037).
One of the judicially-crafted rules regarding the motion for leave to renew was the principle that the motion should not be granted based upon facts known to the moving party at the time of the prior motion, unless the moving party offers a reasonable excuse for not having submitted such facts on the prior motion (see e.g. Kim v City of New York, 256 AD2d 83 [1st Dept. 1998]; Leonard Fuchs, Inc. v Laser Processing Corp., 222 AD2d 280 [1st Dept. 1995]; [*3]Busbee v Higgins, 221 AD2d 177 [1st Dept. 1995]; Foley v Roche, 68 AD2d 558 [1st Dept. 1979]; see also Hughes v S&S Apparel Corp., 255 AD2d 148 [1st Dept. 1998]; Neff v Steven Schwartzapfel, P.C., 254 AD2d 137 [1st Dept. 1998]). However, this rule was not inflexible, and courts retained broad discretion to grant renewal, in the interest of justice, upon facts known to the moving party at the time of the prior motion (see e.g. Framapac Delicatessen, Inc. v Aetna Cas. and Sur. Co., 249 AD2d 36 [1st Dept. 1998]; Vayser v Waldbaum, Inc., 225 AD2d 760 [2d Dept. 1996]; Martinez v Hudson Armored Car & Courier, Inc., 201 AD2d 359 [1st Dept. 1994]; Morales v City of New York, 172 AD2d 430 [1st Dept. 1991]; Pinto v Pinto, 120 AD2d 337 [1st Dept. 1986]).
Effective July, 20, 1999, CPLR 2221 was amended (L 1999, ch 281) to provide a coherent structure for the treatment of motions for leave to renew and reargue (see Senate's Mem in support of L 1999, ch 281, supra, at 1721; Advisory Comm Report, supra, at 2065; Mem of Off of Ct Admin, supra, at 2037). This amendment entailed the codification of existing practices born of judicial treatment of the subject (see Siegel, NY Prac § 254, at p 37 [3d ed, 2003-2004 Supp]). The amendment resulted in the addition of, among other things, a subsection honed on the motion for leave to renew (CPLR 2221[e]). This subsection provides, in pertinent part, that a motion for leave to renew:
2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
3. shall contain reasonable justification for the failure to present such facts on the prior motion.

Applying the amended version of CPLR 2221, a motion court situated in the Third Department determined that the discretion to grant a motion for leave to renew unaccompanied by a reasonable justification for the failure to include the facts on the prior motion had been eliminated (see Ulster Sav. Bank v Goldman, 183 Misc2d 893 [Sup Ct, Rensselaer County 2000]). The court highlighted the mandatory language of the amended statute, and the absence of sanctioned exceptions to the general rule (id).
Shortly after Ulster Sav. Bank was decided, the Second Department, citing the amended statute, affirmed an order denying renewal on the basis of the movant's failure to proffer a reasonable excuse (Delvecchio v Bayside Chrysler Plymouth Jeep Eagle, Inc., 271 AD2d 636 [2d Dept. 2000]; see also Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:9, Supp Pamph). Subsequently, the Second Department expressly found that, as a result of the amendment, a court is without discretion to grant renewal in the absence of a reasonable excuse (Greene v New York City Hous. Auth., 283 AD2d 458 [2d Dept. 2001], citing Delvecchio v Bayside Chrysler Plymouth Jeep Eagle, Inc., supra and Ulster Sav. Bank v Goldman, supra). The Third and Fourth Departments appear to have adopted the view of the Second Department and the Ulster Sav. Bank court (see e.g. Boreanaz v Facer Kreidler, 2 AD3d 1841 [4th Dept. 2003]; Cippitelli v County of Schenectady, 307 AD2d 658 [3d Dept. 2003]; Davis v Evan, 304 AD2d 1023 [3d Dept. 2003]; Giardina v Parkview Court Homeowners' Assoc., Inc., 284 AD2d 953 [4th Dept. 2001]).
The First Department, whose precedent binds this court, has not arrived at the same conclusion. While frequently invoking the general rule that leave to renew should be denied in [*4]the absence of a reasonable justification for the movant's failure to present the facts on the prior motion (see e.g. Loperena v Buona, 309 AD2d 592 [1st Dept. 2003]; Cuccia v City of New York, 306 AD2d 2 [1st Dept. 2003]; Solomon v Ryty Inc., 302 AD2d 275 [1st Dept. 2003]; Burgos v City of New York, 294 AD2d 177 [1st Dept. 2002]), the court has continued to apply the pre-amendment exception thereto permitting the exercise of discretion to grant a motion for leave to renew, based upon facts inexplicably omitted on the prior motion (see Trinidad v Lantigua, 2 AD3d 163 [1st Dept. 2003]; Mejia v Nanni, 307 AD2d 870 [1st Dept. 2003]; Garner v Latimer, 306 AD2d 209 [1st Dept. 2003]; Daniels v City of New York, 291 AD2d 260 [1st Dept. 2002]; see also Siegel's Prac Rev No 149, p 4 [2004]).
Under the circumstances in this case, and in the interest of justice, this court will exercise that discretion, and grant the plaintiff's motion for leave to renew (see Trinidad v Lantigua, supra). Upon renewal, the motion for leave to amend the complaint to assert a cause of action for wrongful death is granted. The physician's supplemental affirmation causally linking the defendant's alleged malpractice and the death of the plaintiff's decedent, which plaintiff's counsel inexplicably failed to submit on the original motion, while hardly overwhelming, is sufficient to satisfy the requirement of McGuire v Small (supra) and its progeny (see Paolano v Southside Hosp., 3 AD3d 524 [2d Dept. 2004]; Wynter v Our Lady of Mercy Med. Ctr., 3 AD3d 376 [1st Dept. 2004]; Leibowitz v Mt. Sinai Hosp., 296 AD2d 340 [1st Dept. Dept. 2002]; Layz v City of New York, 205 AD2d 460 [1st Dept. 1994]; Kordonsky v Andrst, 172 AD2d 497 [2d Dept. 1991]).
Conclusion
Based upon the foregoing, it is hereby
ORDERED that the plaintiff's motion for leave to renew is granted; and it is further,
ORDERED that upon renewal the plaintiff's motion for leave to amend the complaint to assert a cause of action for wrongful death is granted; and it is further,
ORDERED that the amended complaint accompanying the plaintiff's motion for leave to renew is deemed served upon service on counsel for the defendants of a copy of this order with notice of entry thereof.
Date: 06/07/2004 Hon. Joan B. Carey, Acting JSC
Papers considered:
(1) Notice of motion, and accompanying exhibits A-D
(2) Affirmation in opposition, and accompanying exhibit A
(3) Reply, and accompanying exhibit A
 
Footnotes

Footnote 1:2 Misc3d 796, 2004 NY Slip Op 24002

Footnote 2:The related yet distinct motion for leave to reargue is not implicated by the movant's application, and, therefore, will not be discussed.